IN THE

# SUPREME JUDICIAL COURT,

IN THE

## COUNTY OF LINCOLN.

ARGUED AT MAY TERM, 1844.

---

### IRA HERSEY & al. versus SAMUEL VEAZIE.

No individual members of a body corporate have the right, by a bill in equity, without the consent of such corporation, legally obtained, to call the agents or officers thereof to account with the plaintiffs, or to make settlements and adjustments with them, for money of the corporation, alleged to be in the hands of such officers.

If the defendants in the bill in equity, as agents of the corporation, have acted fraudulently towards it, obtained fraudulent judgments against it, and on them have made a fraudulent sale of its franchise, these are wrongs primarily committed against the corporation. And until it has been shown to have been incapable of doing it, or to have been faulty, no corporator can assume the right of the corporation to obtain redress for such wrongs, and to settle for them with the persons committing them.

If after proper exertions made to procure the corporation to obtain redress, it had been found incapable of doing it, or had improperly or collusively refused to do it, the corporators might, perhaps, have obtained redress by making such corporation a party defendant; but unless it is made a party, it would be improper for the Court to proceed and compel the defendants to make a settlement, which could not be conclusive upon the rights of the corporation.

Where shares in a corporation have been transferred by a debtor to his creditor, the latter agreeing with the former "to account for the said shares, or reconvey them," the debtor has no such interest as would enable him to maintain a bill in equity against a third person by reason thereof.

BILL in equity. The facts appear in the opinion of the Court.

*Everett* and *Groton*, for the plaintiffs.

VOL. XI.        2

*Kent,* for the defendant.

The opinion of the Court was drawn up by

SHEPLEY J. — When this bill was filed by Ira Hersey, Samuel Veazie and Alfred J. Stone were made parties defendant. After they had filed their answers, the plaintiff discontinued as to Alfred J. Stone, and asked leave to amend his bill, and to make John Coburn, as the executor of Jonathan Baker, deceased, a party plaintiff. Leave was granted upon terms, and the executor of Baker became a party. Instead of amending the bill by inserting his name, with averments suited to present properly the claims of both the plaintiffs, a separate paper has been presented, containing a reference to the motion for leave to amend, as if that had some connexion with the bill, and a reference also to the answer of Veazie, as if that could be properly noticed in an amended bill, or regarded as an answer to it in its amended form. Since leave to amend was granted, the proceedings have been very informal and irregular. The defendant has filed a demurrer to the most material portions of the amended bill, which by consent has been argued without regard to the form, in which the allegations made by the present plaintiffs have been presented. Stripped of their formal parts the material allegations, contained in the papers presented as a bill, are in substance : that the proprietors of the booms in Androscoggin river were constituted a body corporate ; that the property of the corporation was represented by thirty-six shares ; that James Rogers formerly owned eight of those shares, and on March 21, 1823, conveyed the same to Jonathan Baker, who on June 25, 1828, executed an instrument in writing "agreeing to account for the said shares or reconvey them, when he should have realized therefrom the amount of a note for $930, due from the said Rogers to said Baker, and other demands in said instrument alluded to," as stated in the bill ; that after Rogers had conveyed those shares to Baker, he conveyed or assigned all his right to them to the plaintiff, Hersey ; that from the year 1825, to the year 1831, the defendant was the collector of tolls, treasurer, and sole

agent of the corporation, to prosecute and defend suits ; that during all that time the booms were under his care and management, whereby he became possessed of a large amount of the funds of the corporation, for which he has rendered no account ; that by the purchase of shares and by obtaining proxies from other shareholders, he obtained the control of a major part of the shares and of the corporation ; that during the year 1829 he fraudulently caused certain actions at law to be commenced against the corporation in his own name and in the names of other persons, and collusive judgments to be obtained in them by his consent as agent of the corporation, and that with intent to defraud the other shareholders he thereby caused the franchise of the corporation to be sold and received the pay therefor ; that he ought to render an account and pay over to the plaintiffs their proportions of the sums of money by him received for tolls and otherwise, and of the amount received for the sale of the franchise ; and that he has obtained possession of the books and papers of the corporation and refuses to permit the plaintiffs to have access to them. The prayer is in substance, that an account may be taken ; that the books and papers of the corporation may be produced ; and that he may be decreed to pay to the plaintiffs their proportion of the funds of the corporation in his hands.

There is no allegation in the bill, that the corporation has been dissolved, or any facts stated, from which such an inference could be justly drawn ; or that it has refused to call upon the defendant to account ; or that it has acted collusively with him except as represented by him as agent. And although it is alleged, that he had obtained a control of the corporation by proxies and purchase, there is no allegation, that a corporate meeting could not be obtained. And by our law, the minority of the shareholders may cause a meeting of a corporation to be called ; and those, who had given proxies to the defendant, could at any time have voted upon their own shares, or have revoked their proxies and caused their shares to be represented by the agency of other persons. It is not alleged, that he held a majority of the shares in his own right, and thereby prevent-

ed the corporation from passing any vote to call him to account with it. It does not therefore appear from the allegations, that the corporation had not the power and the disposition to settle with its collector and treasurer and agent, according to its own pleasure; unless it may be inferred from the delay to do it. This cannot be inferred from mere delay, especially when there does not appear to have been any effort made by the holders of these eight, or the holders of any other shares, to have a meeting of the corporation called for such a purpose; and when, from aught that appears in the bill, there may have been directors or trustees of the corporation, with power to have made an adjustment with the defendant. As this bill is presented, the plaintiffs assume the right, which no member or members of a body corporate have or can have without its consent legally obtained, to call its officers and agents to account with them, and to make settlements and adjustments with them. If the defendant should settle his accounts with the plaintiffs, the corporation would not be bound by it; nor would any payment made to them be good against the corporation. Nor can the plaintiffs by the interposition of a court of equity accomplish such an object; for the Court could not rightfully assume the control of the corporation, and exercise its rights in this respect, without its being a party to the suit, and having an opportunity to justify its own course of proceeding. If the defendant, as agent of the corporation, acted fraudulently toward it, obtained fraudulent judgments against it, and on them made a fraudulent sale of its franchise, these were wrongs primarily committed against the corporation. And until it has been shown to have been incapable of doing it, or to have been faulty, no corporator can assume its right to obtain redress for such wrongs, and to settle for them with the person, who has committed them. If the plaintiffs have been injured by these fraudulent acts, they should have taken measures to have the corporation obtain redress for them, and through its action have obtained their own redress. If after proper exertions made it had been found incapable of doing it, or had improperly or collusively refused to do it, they might perhaps have

obtained redress by making it a party defendant. Without the corporation being made a party, that an adjustment of all these alleged grievances might be made between those having competent authority, it would be improper for the Court to proceed and compel the defendant to make a settlement, which could not be conclusive upon its rights. *Robinson* v. *Smith*, 3 Paige, 222. Nor can the bill be sustained on the allegations respecting the books and papers, because it would be to no good purpose to compel their production, when they could not be used to produce any final result. Nor does it appear, that it can be useful to the plaintiffs to retain the bill and permit another amendment, to have the corporation made a party; as it would seem to be probable from the allegations made in the bill, that the proper measures had never been taken or the proper proceedings had to enable them to make the corporation properly a party. There is another difficulty to be encountered. The bill is now multifarious. The plaintiff, Hersey, can have, according to the bill, no right to call upon the defendant or upon the corporation, should it be made a party, for any dividend of profits or property. Baker was the sole owner of the eight shares, so far as the corporation and its officers and the other shareholders were concerned. He alone could receive any money, which might be payable to the owner of them. Hersey does not stand in the relation of assignee of a mortgagor to Baker or his executor. The contract from Baker to Rogers appears to have been made more than five years after the shares had been conveyed to him, and it is stated in the bill to have been an agreement " to account for the said shares or reconvey them." It was therefore at his option to account for them; and Hersey could not have claimed a reconveyance, or an account of the property or profits received for them, upon a tender of the amount due from Rogers to Baker. All that he could claim of him was to account to him for their value. His claims, if any he have, are only upon the estate of Baker, and not upon the corporation, or its funds.

*The demurrer is allowed, and bill dismissed with costs.*