## Case No. 6,054.

### HARDON v. NEWTON et al.

[14 Blatchf. 376.] 1

Circuit Court, D. Connecticut. Jan. 14, 1878.

BILL IN EQUITY—DISSOLUTION OF CORPORATION—PRAYER FOR RELIEF—PLEA.

1. H., the owner of shares in the capital stock of a Connecticut corporation, filed a bill in equity against the president and the directors and the corporation, alleging acts of mismanagement and breach of trust on the part of the president and directors, and that the directors had sanctioned all such acts, and that a request to them to take proceedings for the relief of the stockholders, would be useless. The bill prayed for the dissolution of the corporation, and for the distribution of its assets among its creditors and stockholders, and for such further relief as the case might require. The defendants put in a plea, that, by the statutes of Connecticut, a court of equity could dissolve a corporation only under certain specified circumstances, which did

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

not exist in this case: *Held*, that the plea was good.

[Cited in Langdon v. Fogg. 18 Fed. 9.]

2. On the facts set forth, the court could prevent the continuance of the breach of trust, and could compel the officers to account for such as they had committed, but, to obtain such relief, it should be specifically prayed for; and the plaintiff was given leave, on motion, to amend his bill in respect to the prayer for relief.

[Bill by Chester F. Hardon against Isaac E. Newton and others, praying for the dissolution of a corporation known as the American Suspender Company, and for other relief.]

George H. Starr, for plaintiff.

John W. Webster and Stephen W. Kellogg, for defendants.

SHIPMAN, District Judge. This is a bill in equity, which alleges that the plaintiff is a citizen of the state of New York, and is the owner of sixty-five shares of the capital stock of the American Suspender Company, a joint stock corporation organized under the statutes of the state of Connecticut, and established in Waterbury, in said state, of which corporation Isaac E. Newton is the president, and the other defendants are the directors. All the individual defendants are citizens of Connecticut. The defendant corporation manufactures elastic suspenders and webs. The bill further alleges, in substance, as follows: The defendants Newton, Merriman and Pritchard own the majority of the stock of said corporation. Newton has been its president for the past twelve years, and has practically controlled all its affairs, except the immediate supervision of the sales at the New York agency. The other directors, except said Merriman, have had no real part in the direction of the company, but have concurred in and sanctioned the acts which are complained of. Newton is incompetent for the position of president and manager of the company, and has managed its business in such manner as to cause losses, and has continued in important positions (1) one Dayton, who was known to Newton to be dishonest, and to be dishonestly using and disposing of the property of the company, and (2) one Judson, who was known to have been a dishonest man. Newton secured the election of said Merriman to be secretary and treasurer, although Newton had reason to believe, and had said that he believed, that Merriman was untrustworthy, and was using the company's funds for his own benefit. Newton has neglected to make certain lines and grades of goods which would have been, and which he knew would have been, profitable to the company. He has not allowed the books of the company to be audited, with the fraudulent design of concealing the true condition of its affairs from the stockholders. No dividend has been paid since the year 1866, when it was paid with borrowed money. Sundry specified statements of the pecuniary condition of the com-

pany, which were presented to the stockholders, were untrue, and were known to be untrue by those of the defendants who were directors at the time when the respective statements were made, and in their statements the assets were largely overvalued. By means of their wrongful acts the corporation has been losing money, its debts have increased, and it is in danger of insolvency. The directors sanction all the wrongful acts, and a request to them to take proceedings for the relief of the stockholders would be useless. The bill prays for a discovery, and for the dissolution of the corporation, and the appointment of a receiver to distribute the assets among the creditors and stockholders, and for such further relief as the case may require.

The defendants have pleaded to the relief which is prayed for. The plea avers, that, by the statutes of the state of Connecticut, the courts of equity of the state are empowered to dissolve a corporation, and to wind up its affairs, (1) on the application of any shareholder of any corporation, if said court shall find that said corporation has voted to wind up its affairs, or has abandoned the business for which it was organized, and has thereafter neglected, within a reasonable time, or in a proper manner, to wind up its affairs and distribute its assets among its stockholders; (2) upon the petition of one-third of the stockholders of any joint stock company; and that, under no other circumstances is a court of equity of the state empowered by its statutes to dissolve a corporation. The plea further avers, that said suspender company has never voted to wind up its affairs, or to abandon its business, and that the plaintiff is not the owner of one-third of the capital stock of the corporation, and is not one-third of its stockholders.

The plea having been set down for argument and having been argued, the question of its sufficiency is now before the court. The special relief which is prayed for is the dissolution of the defendant corporation, and the appointment of a receiver to divide its assets among creditors and stockholders, which division would be a practical dissolution. A court of chancery, by virtue of its general equity powers, in the absence of statutory provisions, is not authorized to dissolve a corporation, or to distribute the assets of a corporation, which is pursuing its ordinary business, among its shareholders, so as to effect a practical and actual dissolution. "A court of equity may hold trustees of a corporation accountable for breach of trust, but cannot divest it of its corporate character and capacity," unless under the circumstances and in the cases in which the court is specially empowered by statute. Ang. & A. Corp. § 777; Verplanck v. Mercantile Ins. Co., 1 Edw. Ch. 84; Attorney General v. Utica Ins. Co., 2 Johns. Ch. 371; Slee v. Bloom, 5 Johns. Ch. 366, 380; Gaylord

v. Fort Wayne, etc., R. Co. [Case No. 5,284]; Attorney General v. Reynolds, 1 Eq. Cas. Abr. 131. The statutes of Connecticut have authorized the courts of equity of this state to dissolve corporations and wind up their affairs, only in the two cases which have been mentioned. The circumstances which give a court of equity in this state power to dissolve a corporation have not arisen in the case of the defendant company.

But, a court of equity of general jurisdiction has jurisdiction, at the instance of stockholders, to prevent a corporation and its officers from a wilful misapplication of the funds of the corporation, to the injury of the shares or the dividends of the stockholders, and from waste and misconduct which amounts to a breach of trust on the part of the managers, and from such acts as tend to the destruction of the franchises of the corporation, and to compel the officers to account for such waste or misconduct amounting to a breach of trust. Dodge v. Woolsey, 18 How. [59 U. S.] 331; Bacon v. Robertson, Id. 480; Robinson v. Smith, 3 Paige, 222; Heath v. Erie Ry. Co. [Case No. 6,306]; Pond v. Vermont Val. R. Co. [Id. 11,265]. And, if it affirmatively appears that the directors have refused to prosecute in the name of the corporation, or if the controlling directors of the corporation are themselves the wrong-doers, and must be made defendants, the suit may be instituted by a stockholder. Robinson v. Smith, Pond v. Vermont Val. R. Co., Heath v. Erie Ry. Co., cited supra. In the last named case this branch of the subject was exhaustively examined.

It is insisted by the plaintiff that the plea should not be allowed, inasmuch as appropriate relief may be granted under the general prayer, if the allegations of the bill are sustained. "A plea to a bill in equity may be good in part, and not so in the whole; and the court will allow it as to so much of the bill as is properly applicable, unless it contain the vice of duplicity." Kirkpatrick v. White [Case No. 7,850]. If the plea is allowed, the bill may be amended in respect to the prayers for relief, under equity rule 35. And, when the specific relief which is sought is not within the power of the court to grant, and the defect has been pointed out by plea, it is just that the plaintiff should so amend his bill as to apprise the defendants of the hitherto undisclosed relief which he seeks to obtain. The defendants have successfully shown that the specific relief cannot be obtained, and the general prayer only remains. They are entitled to know the result which the plaintiff wishes now to accomplish. Langd. Eq. Pl. § 61. The amended prayers should be consistent with the case which is made by the bill. The plea is allowed, with costs, with liberty to the plaintiff, upon motion, to amend his bill in respect to the prayers for relief.