PEARCE v. SUTHERLAND et al.

(Circuit Court of Appeals, Ninth Circuit. October 12, 1908.)

No. 1,549.

1. **Partnership** (§ 269*)—**Suit for Dissolution—Parties.**

The formation, by a partnership for dealing in real estate, of a corporation merely as a holding company for the partnership adventures, does not operate as a dissolution of the partnership; and one partner may maintain a suit in equity against his copartner, who holds practically all of the stock of the corporation as trustee for the partnership, for a dissolution of the partnership and an accounting in respect to such stock, and to such a suit the corporation is a proper party defendant.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 269.*]

2. **Corporations** (§ 614*) — **Suit by Stockholder for Dissolution—Equity Jurisdiction.**

In the absence of a statute enlarging its powers, a court of equity has no jurisdiction at the suit of a stockholder or other private person to dissolve a corporation, or to appoint a receiver to control the corporation, the effect of which will be to dissolve it, especially where the defendant is a foreign corporation, although doing business within the jurisdiction of the court.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 614.*]

Appeal from the District Court of the United States for Division No. 1 of the District of Alaska.

The appellant appeals from a decree sustaining demurrers to his third amended bill and dismissing the same. In substance the bill alleges the following facts: That in 1901 one Joseph T. Gilbert, the owner of a group of lode mining claims in the Harris mining district, Alaska, proposed to the appellant that, if he could find a purchaser of the same for the sum of $200,000, he would pay for such services a fee largely in excess of the usual commission on such sales. That the appellant, who is an expert miner and mining engineer of experience, accepted the offer, and in quest of a purchaser went to the appellee Sutherland, a promoter and seller of mines, who represented that he was well and favorably known in financial circles in New York and London, and could there interest persons financially to purchase said property at a sum far in advance of $200,000. That said Sutherland proposed that he and the appellant enter into a copartnership for the sale and promotion of mining claims, especially the said Gilbert group of mines, and such others as they might obtain control of, and that they procure from said Gilbert a bond and option to purchase his said group of mines, and that the appellant return to Alaska, explore said group, and demonstrate its value, and that Sutherland go to financial marts and interest investors and procure funds to open, explore, promote, and sell the same, for the benefit of such copartnership, and find and procure, in addition to the money necessary for such development, a monthly allowance to the appellant while he was so engaged in opening and developing said mines. That the proposition was agreed to, and the copartners went to New York, where the appellant obtained from Gilbert a bond to purchase his mines in consideration of $200,000 which bond, at the instance of Sutherland, was taken in the latter's name for the use and benefit of the copartnership. That thereupon a copartnership agreement was made between the appellant and Sutherland, which provided that they should work together in obtaining, promoting, and disposing of all properties in which they were then or should thereafter become jointly interested, and that out of the net profits received by Sutherland he should pay and deliver to the appellant one-third thereof in money, bonds, and stocks, and that out of the net profits received by the appellant he should pay and de-

liver to said Sutherland one-half thereof in money, bonds, and stocks. That after the execution of said agreement Sutherland proposed to the appellant to form a corporation under the laws of New York to take over the record title to said option, and thereafter the record title to be acquired from said Gilbert to said group of mines, the corporation to be known as the "Alaska Perseverance Mining Company," and to be incorporated for the sole purpose of holding the bare legal title to the mining claims and other property of the copartnership, in trust for the use and benefit of the appellant and said Sutherland, the capital stock to be $500,000, divided into 100,000 shares, and that immediately after the organization of said corporation Sutherland should convey to it the said bond and option, and said corporation should in return therefor issue to Sutherland, for the joint use of the appellant and himself, 99,995 shares of the capital stock. That thereupon the Alaska Perseverance Mining Company was incorporated under the laws of New York, as suggested. That 5 shares of the capital stock were subscribed for by the five incorporators, among whom were the appellant and Sutherland, and that no other shares were then issued or subscribed. That the subscribing incorporators were elected the board of directors of the corporation, and the bond and option were transferred by Sutherland to the corporation, and he received from the corporation the 99,995 shares still held in the treasury, which shares were taken in trust by Sutherland for the benefit of himself and the appellant. That the bond was transferred to the corporation for the sole purpose of making the corporation a trustee to hold the same for the use and benefit of said Sutherland and the appellant. That thereafter the appellant returned to the mines and entered upon the operation, management, and development of the same, as superintendent of the corporation, and said Sutherland, who was made president of the corporation, obtained money in New York, London, and Paris upon the faith and credit of said capital stock for the development of said mines and for the payment of the appellant's monthly salary of $300. That the appellant, upon the advice and recommendation of Sutherland, located certain other claims for said partnership in the name of the corporation, to be held by it in trust for the benefit of Sutherland and the appellant, and the said claims so located are of great value, and of far greater value than those in the original Gilbert group of mines. That from the summer of 1901 until July, 1905, the appellant remained constantly upon said mining claims and properties, projecting the development and developing paying ore bodies of the value of several millions of dollars. That during said period Sutherland obtained from the financial marts of New York, London, and Paris, and elsewhere, upon the faith and credit of the capital stock of said corporation so issued to him in trust, funds amounting to $110,000, which were expended by the appellant and Sutherland in developing the properties so held by the corporation. That during said period Sutherland constantly represented to the appellant that the mines were about to be sold, but that he kept the appellant in total ignorance of the manner in which he was obtaining the said funds, and refused to furnish such information. That in the year 1905 Sutherland sent to the appellant for record a deed from said Gilbert of the said property so held by him. That the appellant requested from Sutherland an explanation as to how said purchase had been made and from what source the money had been obtained to pay for the same, but that Sutherland refused to furnish the appellant with such information. That the appellant believes and alleges the fact to be that said money so paid for said properties was money obtained by Sutherland upon the faith and credit of shares of the capital stock of said corporation, and was the property of the copartnership, and alleges that said property was deeded to the said corporation in trust for the appellant and Sutherland. That immediately after the recording of said deed Sutherland proceeded to let contracts for the erection of a mill to work the ore from said mines, and for other work thereon which indicated his intention not to sell or dispose of the same, but to hold and operate the same. That the appellant sought from said Sutherland an explanation of this course of conduct, and Sutherland refused to give the appellant any explanation. That in June, 1905, Sutherland, ignoring the copartnership agreement, and in violation of his promises and agreements, and in an attempt to defraud the appellant of his right, title, and interest in and

to said property, conspired with the board of directors of said corporation, and caused them to pass a resolution removing the appellant as superintendent of said corporation. That prior to June, 1905, the appellant had been led to believe by Sutherland that the property was being promoted and gotten ready for sale in accordance with the original copartnership agreement, but at that time he discovered that the corporation and Sutherland had entered into said conspiracy. That then, thereafter, and ever since said Sutherland has refused to recognize said copartnership, and falsely and fraudulently has claimed and asserted that the appellant has not and never had any interest in said property, and that he is the sole owner of all the capital stock of said corporation, and the property represented thereby. That he has refused to account to the appellant as to any of said property or said stock, or the expenditures or disbursements made by him on behalf of said corporation, or to furnish any information in regard to the same. That on obtaining possession of said mining property Sutherland commenced with great activity to erect a 100-stamp mill thereon, and prepared for working the ores thereof. That during all of said times Sutherland remained out of the jurisdiction of Alaska and of the United States, evading all processes of the courts therein in any action whereby the copartnership interests and ownership of the appellant in said mines could be determined and established. That in July, 1905, the appellant, through his counsel, having theretofore served upon the corporation a copy of the contract and memorandum of partnership, made demand upon said corporation for recognition of the appellant's right as a copartner in and to all the property held by the corporation, and it became evident to said Sutherland and to the corporation that the appellant was about to procure the appointment of a receiver to said mining property, pending the dissolution and winding up of the copartnership, and an accounting thereof. That thereupon said Sutherland and the corporation, for the purpose of preventing such action on the part of the appellant, and for the purpose of permitting Sutherland to come within the jurisdiction of the courts of the United States without being served with process, induced the appellant to meet said Sutherland at Vancouver, B. C., for the alleged purpose of making a settlement, and the appellant, not recognizing that such offer was a trick and artifice to carry out Sutherland's fraudulent scheme, and believing that the proposition was made in good faith, did consent thereto, and sent his counsel to Vancouver, B. C., and that there, in July, 1906, said Sutherland, with the acquiescence of the secretary of said corporation, did enter into a contract in writing with appellant's counsel, whereby Sutherland undertook and agreed, for and on behalf of himself and the corporation, to pay the appellant, in settlement of all his claims, the sum of $60,000, the first payment to be made December 15, 1906, and the second February 20, 1907, and in said contract it was provided that all pending and contemplated litigation against Sutherland and the corporation by the appellant should be abated. That upon obtaining said contract Sutherland came into the jurisdiction of the United States for the first time since his repudiation of the copartnership, and went to said mines and sought to rush the completion of the mill and begin the milling of ores therein. That thereafter he sought to obtain from the appellant an extension of the time of payment of the money so agreed to be paid on December 15, 1906, and such extension was refused, and on December 16, 1906, the appellant declared a forfeiture of said contract by reason of the breach thereof by Sutherland. That Sutherland, since the exclusion of the appellant from the mining property has caused ore of the value, as the appellant believes, of $200,000 to be mined and prepared for milling, and is about to mill the same and take the proceeds from the jurisdiction of the court.

The prayer of the bill is: First, that the corporation be required to surrender its subscription book, stock book, and all books and documents by it held, relating to or connected with said property; second, that the court appoint a receiver to take charge of said property and all the property standing in the name of the said corporation, in Alaska; third, that all the stock of the corporation be impounded in the hands of all persons holding the same, pending payment and discharge of the debts upon which the same is hypothecated, and also all stock held or standing in the name of Sutherland, pending the dissolution of the copartnership and the accounting, and that an order be

made directing the corporation to bring into court and surrender to the receiver all the records, books, and documents of said corporation, including its stockbook and subscription books; fourth, that an accounting be had of all debts created by said Sutherland for and on behalf of said properties and now unpaid on said properties; fifth, that an accounting be had between the appellant and Sutherland and the Alaska Perseverance Mining Company, and that the trusteeship of said corporation be annulled and set aside; sixth, that the partnership between appellant and Sutherland be dissolved, and that all remaining property of the same, after the payment of debts, be divided and set aside to the appellant and Sutherland in accordance with the partnership agreement.

The appellees severally demurred to the bill on various grounds, including multifariousness, want of equity, misjoinder of parties defendant, laches apparent on the face of the bill, want of jurisdiction of the Alaska Perseverance Mining Company, and because it appears from the bill that the appellant is estopped, for the reason that the matters complained of are shown to have transpired while he was a director and superintendent of the corporation, and were had with his knowledge, consent, and procurement. By the order of the court each demurrer was "in all things sustained."

G. C. Israel and J. A. Hellenthal (Lorenzo S. B. Sawyer and L. R. Gillette, of counsel), for appellant.

R. F. Laffoon, Maloney & Cobb, Winn & Burton, and Frank M. Stone (W. C. Sharpstein, of counsel), for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The facts alleged in the bill present a case for equitable relief as against the appellee Sutherland. The formation of the corporation was not necessarily a dissolution of the copartnership. In fact, it is alleged in the bill that the corporation was formed for the purpose of carrying out the copartnership agreement. The case is similar to that of Monmouth Inv. Co. v. Means, 151 Fed. 159, 80 C. C. A. 527, in which the court recognized the existence of a copartnership to deal in real estate, aided by a corporation organized merely to be a holding company for the partnership adventures. Nor does it appear from the allegations of the bill that the laches of the appellant are such as to bar his right to equitable relief, or that he is estopped to maintain such a suit. The suit was begun on April 29, 1907. It was not until June, 1905, that the hostile attitude of Sutherland was definitely declared by him. The matter which, by the order of the court, was struck from the bill, contained allegations, which, while they presented no ground of equitable relief, were not wholly foreign to the controversy, for they were in the nature of an excuse for and an explanation of a portion of the delay of the appellant in bringing his suit, and we think they should not have been struck from the bill. But we are of the opinion that the demurrers to the bill were properly sustained for want of jurisdiction of the court to entertain that portion thereof which seeks to take from the Alaska Perseverance Mining Company, a corporation of the state of New York, the possession of its property, books, and records, and place them in the hands of a receiver and impound its stock in the possession of persons holding the same by hypothecation, marshal its assets, and distribute the same by a decree of the court.

It is well settled that, in the absence of a statute enlarging its pow-

ers, a court of equity has no jurisdiction at the suit of a shareholder or other private person to dissolve a corporation. Thompson on Corp. pars. 4538, 6598, 6854; Hardon v. Newton, 14 Blatchf. 376, Fed. Cas. No. 6,054; Society for Establishing Manufactures v. Morris Canal Co., 1 N. J. Eq. 186, 21 Am. Dec. 41. Nor has a stockholder in a corporation any standing to apply for a receiver to control a corporation or wrest from it its corporate property on the ground that the business of the corporation is managed unwisely or unjustly, and especially is this true of an application for the appointment of a receiver by a resident shareholder, to wind up the affairs of a foreign corporation, notwithstanding that it is doing business within the jurisdiction of the court. Mining Co. v. Field, 64 Md. 151, 20 Atl. 1039; Republican Mountain Silver Mines v. Brown, 58 Fed. 644, 7 C. C. A. 412, 24 L. R. A. 776; Leary v. Columbia River & P. S. Nav. Co. (C. C.) 82 Fed. 775; Sidway v. Missouri Land & Live Stock Co. (C. C.) 101 Fed. 481. It is true that the bill in this case does not in terms pray for the dissolution of the corporation, but there can be no question that such is incidentally the effect of placing a corporation in the hands of a receiver. Sidway v. Missouri Land & Live Stock Co. (C. C.) 101 Fed. 481. Monmouth Inv. Co. v. Means, 151 Fed. 159, 80 C. C. A. 527. In the present case the appellee Sutherland is brought before the court as a defendant, not only in his capacity as copartner with the appellant, but as a director of and the holder in trust of the capital stock of the Alaska Perseverance Mining Company. To such a suit the corporation is a proper party defendant, and the bill is not subject to demurrer for misjoinder of defendants. Allen v. Curtis, 26 Conn. 456; Sears v. Hotchkiss, 25 Conn. 171, 65 Am. Dec. 557; Hersey v. Veazie, 24 Me. 9, 41 Am. Dec. 364; Brewer v. Boston Theater, 104 Mass. 378; Dodge v. Woolsey, 18 How. 331, 15 L. Ed. 401; March v. Eastern R. Co., 40 N. H. 548, 77 Am. Dec. 732.

Inasmuch as the demurrers were sustained on all the grounds therein set forth, it is proper, while affirming the ruling of the court below on the demurrer to the bill as it stands, to direct that the cause be remanded to that court, with permission to the appellant to amend, if he so elects. It is so ordered.