Argued at Pendleton, October 29; affirmed December 17, 1929, rehearing denied January 21, 1930

## CARSTENS PACKING CO. *v.* HARRY GROSS

(283 Pac. 20)

For appellant there was a brief and oral argument by *Mr. M. B. Meacham.*

For respondent there was a brief over the name of *Mr. George R. Wilbur* with an oral argument by *Mr. Robert R. Rankin.*

COSHOW, C. J. The existence of the agency is not disputed. Plaintiff admits that Schaeffer, who

sold its merchandise to defendant and collected therefor, was its agent. The question is, what was the extent of the agent's authority?

 Proof of the authority of the agent may be made by the course of dealing between the parties. It is not necessary for the latter to prove that the principal conferred, either in writing or orally, specific authority, if the conduct of the agent is within the scope of his authority as disclosed by the conduct of the parties. One dealing with a corporation must deal with its agents. He has a right to rely upon the apparent scope of the agent's power: *Thomas v. Smith-Wagoner Co.*, 114 Or. 69 (234 P. 814).

"The authority of an agent to bind his principal in contracts made with a third party is measured, not only by the agent's express delegation of power, but also by that which he is held out by the principal as possessing, provided, however, the third party had reason to believe and did believe the agent was acting within and not exceeding his authority, and such party would sustain a loss if the contract was not regarded as that of the principal": *Nicholas v. Title & Trust Co.*, 79 Or. 226, 238 (154 P. 391) and authorities there cited.

 There is evidence that during all the time defendant was dealing with plaintiff through the agent he had no direct communication from plaintiff regarding his account. There is no evidence that defendant had any knowledge or notice to put him upon inquiry regarding the malfeasance of plaintiff's agent. Instead of mailing to defendant statements of his account from time to time, plaintiff delivered those statements to his agent with instructions to collect. How, then, was defendant to know the agent's authority was restricted as now claimed by plaintiff? The question presented in this action is largely one of fact. There is an abundance of evidence to support all the findings of fact

made by the learned trial court. These findings have the effect and force of a verdict by a jury: § 159, O. L.; *Leonard v. King,* 128 Or. 216 (274 P. 116).

██ ██ The attitude of plaintiff would require the defendant, a stranger to plaintiff, to protect plaintiff against the acts of his own agent. Without some evidence that defendant knew that plaintiff's agent was acting contrary to instructions, defendant was justified in relying on the assumption that the agent was doing what he was authorized to do because the course of dealing between defendant and plaintiff, extending over more than a year, appeared to be approved and authorized by plaintiff. Without some notice or some conduct which would cause defendant to suspect the agent was dishonest with his employer and was not authorized to make the deductions on certain articles, he was under no obligation to make inquiry directly of the principal regarding the extent of the agent's authority. Plaintiff could easily have prevented any loss, so far as defendant is concerned, by mailing to defendant statements of his account during the course of their dealings with each other.

██ A traveling salesman has such authority as his principal confers upon him or his course of dealing indicates he has to a reasonably prudent person dealing with the principal through the agent. A drummer may have the authority to change prices from the price list, or he may not. That matter depends on the actual authority conferred or the apparent authority. There is no hard and fast rule that limits a drummer to soliciting orders for submission to his principal. The principal may clothe his agent with authority to make prices to meet competition. The course of dealing between the parties may constitute the evidence of

the agent's authority to fix prices. There is evidence that defendant would not have purchased the merchandise at the price given on the list of plaintiff, and that the agent for that reason reduced the price. Defendant had a right to believe, when he received the receipt from the agent, had no communication from the principal that indicated his account was not paid in full, that the agent was clothed with the authority to fix the price as well as to sell and collect. The authorities cited by plaintiff limiting a traveling salesman's order to mere solicitations of orders or offers to buy, which must be submitted to his principal for approval or rejection, are not controlling here. Under the facts of the cases cited by plaintiff that principle was properly applied, but in the instant case the course of dealing between the parties indicated to defendant that plaintiff's agent had authority to make prices to meet competition.

We find no error in the record. The judgment is affirmed. AFFIRMED. REHEARING DENIED.