Submitted on briefs January 19, reversed and remanded with
instructions February 25, 1972

STATE OF OREGON, *Respondent, v.* JANET
MARIE JOHNSON (No. 71-06-1765 Cr), *Appellant.*

493 P2d 1386

N. Robert Stoll, Portland, for appellant.

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and John W. Burgess, Special Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Defendant was indicted for the crime of aggravated assault upon her infant son. ORS 163.255 (repealed Oregon Laws 1971, ch 743, § 432). Upon arraignment she entered a plea of not guilty by reason of insanity. A hearing was then held pursuant to ORS 136.730.[1] Defendant stipulated that she had placed her infant in a washing machine, turned on the hot water and had caused "hot water to pour upon and burn" him. At the hearing[2] one of the examining psychiatrists

---

[1] ORS 136.730 provides:

"If the defense is the insanity of the defendant, the jury shall be instructed to state, if it finds him not guilty on that ground, that fact in the verdict, and the court shall thereupon, if it deems his being at large dangerous to the public peace or safety, order him to be committed to any hospital or institution, authorized by the state to receive and keep such persons, until he becomes sane or is otherwise discharged therefrom by authority of law."

[2] The hearing in this matter was held on August 20, 1971; therefore ORS 136.730 governs. However, ORS 136.730 was repealed effective January 1, 1972, and replaced by Oregon Laws 1971, ch 743, § 47, which provides in part:

"(1) If the court finds that the person is affected by mental disease or defect and presents a substantial risk of danger to himself or the person of others and that he is not a proper subject for release on supervision, the court shall order him committed to the Superintendent of the Oregon State Hospital for custody, care and treatment.

"* * * * *."

testified without objection that while defendant was in need of treatment, she was not dangerous to the public at large; and that while defendant may present a danger to her children, she did not have custody or access to them. The second psychiatrist concurred in the opinions expressed by the first expert.

At the conclusion of the hearing the trial judge found her not guilty by reason of insanity. In ordering defendant committed to Dammasch State Hospital the trial judge stated:

"Well, the Court is not attempting to act in cavalier fashion, but I have a real concern for this problem here and since this was a matter that the Court knows from experience, that other type commitment is a very weak safeguard and the Court is concerned and recognizes that Mrs. Johnson has made a debatable comeback—without causing any reflection on her, the Court has a feeling whether it's strongly supported or not on the psychiatric reports here that engaging in this act of such complete delusional thoughts so representatively that led to such a problem; that the Court would want every safeguard on a mental commitment that will give us the greatest longevity of treatment.

"With that practical concept in mind, I'm going to commit her under the statute—I think Mrs. Johnson appreciates the Court is treating it in a light that doesn't make her a menace to society at large.

"* * * * *

"That does not make her a menace as to society at large, but the Court has some reservations about the situation here in light of its short period that preceded this hearing. The Court's going to act under the statute to give this the longest period of treatment possible before she will be considered for release and is cured of this condition."

Defendant appeals from the order of commitment, contending that there was insufficient evidence to justify her commitment, and that the trial judge failed to find that the defendant was dangerous to the public. We agree as to the second point and reverse for reasons which follow.

ORS 136.730 provides that where the defendant is found not guilty because of insanity "* * * the court shall thereupon, if it deems his being at large dangerous to the public peace or safety, order him to be committed * * *." Although this statute dates back to 1864 (General Laws of Oregon, ch 17, § 170, p 469 (Deady 1845-1864)), the questions presented here are of first impression.

■ Dangerousness is the sole ground for commitment under ORS 136.730. *See Newton v. Brooks,* 246 Or 484, 424 P2d 446 (1967). A commitment merely because the defendant's mental condition was such that institutionalization was desirable could not be made under the statute.

■ It is unclear from the statement of the trial judge quoted above whether the court was committing the defendant because he felt she was dangerous to herself or others, or merely because he felt she was in need of prolonged treatment. Generally where express findings of fact are not made we assume that the facts were decided consistent with the ultimate conclusion. However, in the present case the language of the trial court is inconsistent with such an assumption. For this reason we remand to the trial court with specific instructions to make an explicit finding as to whether or not the defendant's being at large will present a danger to herself or to others.

Reversed and remanded with instructions.