Argued March 1, reversed May 8, reconsideration denied June 14,
petition for review denied September 6, 1978

In the Matter of Faye Conrad, alleged to be
a mentally ill person,
STATE OF OREGON, *Respondent,*
*v.*
FAYE CONRAD, *Appellant.*
(No. M-310, CA 9077)
578 P2d 1

G. Ness Matthew Gabay, Public Defender for Baker
County, argued the cause and filed the brief for
appellant.

Jesse R. Himmelsbach, Jr., District Attorney for Baker County, Baker, filed the brief and argued the cause for respondent.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

LEE, J.

**LEE, J.**

■ This is an appeal from an order determining Faye Conrad (appellant) to be a mentally ill person and committing him to the custody of the Mental Health Division pursuant to ORS 426.005 through 426.170. The crucial issue is whether there was sufficient evidence at the hearing for the trial court to find that appellant was mentally ill within the meaning of ORS 426.005(2).[1] We review de novo. *See State v. O'Neill,* 274 Or 59, 545 P2d 97 (1976).

■ On August 12, 1977, a hearing was held to determine appellant's mental health. Appellant elected not to testify. The substance of the testimony at the hearing was that the appellant believed that people were out to get him and that he might eventually have to take action against them in his own defense. A psychologist testified that the appellant did not do anything which he considered to be a dangerous act but that the appellant "might be dangerous if this pattern of thinking continued as it seemed to be developing." We are not here dealing with expert testimony that appellant will probably become dangerous if untreated. "[M]ight be" is not enough.

On the basis of this testimony the examiners recommended to the court that appellant be committed as dangerous to himself or others. Both examiners acknowledged, however, that they had not heard anyone testify that appellant had made any threats or taken any violent actions.

■ The determination as to whether a person is dangerous beyond a reasonable doubt must focus on his or her condition at the time of the hearing. *State v. Lucas,* 31 Or App 947, 950, 571 P2d 1275 (1977); *State*

---

[1] ORS 426.005(2)(a) and (b) provide that:

" 'Mentally ill person' means a person who, because of a mental disorder, is either:

"Dangerous to himself or others; or

"Unable to provide for his basic personal needs and is not receiving such care as is necessary for his health or safety."

*v. Daulton,* 30 Or App 217, 219, 566 P2d 555 (1977). As in *Lucas* the evidence adduced and the expert analysis of that evidence is simply insufficient for us to find beyond a reasonable doubt that appellant is dangerous to himself or others.

Reversed.