Argued and submitted April 25, reversed and
remanded June 23, 1980

STATE OF OREGON,
*Respondent,*
*v.*
TROY WAYNE RATH,
*Appellant.*

(No. 42024, CA 16112)

613 P2d 60

Jeffrey C. Pridgeon, Newport, argued the cause for
appellant. With him on the brief was Branford &
Waarvick, Newport.

Christian W. Van Dyke, Assistant Attorney Gener-
al, Salem, argued the cause for respondent. With him
on the brief were James A. Redden, Attorney General,
and Walter L. Barrie, Solicitor General, Salem.

Before Richardson, Presiding Judge, Thornton, Judge, and Schwab, Chief Judge.*

THORNTON, J.

* Schwab, C. J., *vice* Buttler, J.

## THORNTON, J.

Defendant appeals pursuant to ORS 161.327(7),[1] assigning as error that there was insufficient evidence from which the trial court could have found (1) that he presented "a substantial danger to himself or others," and (2) was not "a proper subject for conditional release," ORS 161.327(2), and that, therefore, defendant should not have been committed to a state mental hospital. We hold that there was insufficient evidence as a matter of law to establish that defendant was dangerous either to others or to himself.

Defendant was arrested for stealing an automobile and pleaded not guilty by reason of mental disease or defect. ORS 161.295. At trial, which was to the court following waiver of jury, the defendant stipulated to facts sufficient to convict him of the crime. In support of his defense, he offered a report from a psychiatrist at the state hospital prepared for a proceeding two months earlier in which defendant was charged with criminal mischief in the second degree and pleaded not guilty by reason of mental disease or defect. Defendant was acquitted in that proceeding on the basis of that defense. He was apparently released and was in and out of the state mental hospital in the interim. Prior to that proceeding the same report, which is in evidence, was prepared on defendant's mental state.

Through a mixup in the sheriff's department defendant missed an appointment for a pretrial

---

[1] ORS 161.327(7) provides:

"An order of the court under this section is a final order appealable by the person found not responsible in accordance with subsection (4) of ORS 19.010. The person shall be entitled on appeal to suitable counsel possessing skills and experience commensurate with the nature and complexity of the case. If the person is indigent, suitable counsel shall be appointed in the manner provided in subsection (1) of ORS 138.500, and the compensation for counsel and costs and expenses of the person necessary to the appeal shall be determined and allowed as provided in subsection (3) of ORS 138.500 and paid by the county in which the order appealed from was made."

psychiatric examination in Portland. A subsequent attempt to schedule him on short notice for a similar pretrial examination at the State Hospital came to naught due to the backlog in the forensic psychiatry department of that institution.

Aside from the stipulated facts and the stipulation that the opinion set forth in the report would be the same for purposes of the present proceeding, the report was the only evidence in the case.

The report was aimed at determining whether defendant suffered from a mental disease or defect and whether he was competent to stand trial. It did not address the question of whether defendant was dangerous to himself or to others. The report diagnosed defendant as paranoid schizophrenic. He was adjudged competent to stand trial and the doctor was of the opinion that, although he could understand the criminality of his actions, he could not conform his conduct to the law.

Defendant told the psychiatrist that, because of feelings of persecution, he was forced to travel extensively across the country. He had difficulty finding work and lodging and frequently slept in unlocked cars. In the two months prior to the report, defendant had sought the aid of the Coos County Mental Health Clinic and voluntarily admitted himself to the state mental hospital on one occasion, although he left against medical advice less than two weeks later.

The trial court found defendant not guilty by reason of mental disease or defect. No further evidence was presented by either side and the court committed defendant to the state hospital. He stated his reasoning as follows:

"THE COURT: Well, I find by a preponderance of the evidence that the Defendant does present a substantial danger to himself and others by reason of the mental disease or defect. According to the evidence that's presented, he got involved in some matter down

in Coos County which is reported in the report of Dr. Bassett. He committed some offense down there or committed an act which would have been an offense if it had not been for his mental disease or defect, and he is unable to conform his conduct to the requirements of the law down there and down here. I think he is going to end up with some real serious difficulties with somebody taking things into their own hands, and I think he does in that sense present a substantial danger to himself. If he keeps on taking somebody else's property, somebody is going to get mad about it—or breaking up other people's property, somebody is going to get mad about it and do something, or he is going to run a car off the highway. There is no evidence to show that he even knows how to drive.

Under the circumstances, I find that he does constitute a substantial danger to himself and also to others. Therefore, I am going to commit him to the custody of the Psychiatric Security Review Board. The maximum period for that is five years, the period for which he could have been sentenced under the Statute."

As already indicated, we believe the evidence was insufficient to establish that defendant posed a substantial danger to himself or others. As previously pointed out, the sheriff missed taking defendant to Portland for a pretrial examination. There was no expert evidence other than the 2-month-old report to show defendant's current mental condition. There is little in the record or the psychiatric report to suggest that defendant is inherently violent or even verbally abusive. *State v. Nelson,* 35 Or App 57, 580 P2d 590 (1978) (evidence of verbal belligerency alone not sufficient for finding of dangerousness). It appears from the report (although the record is not clear) that the basis for the criminal mischief charge was that defendant broke a window. This is the only fact which possibly indicates that defendant's mental condition might produce a violent act. Even so, it is a scant basis for inferring that such outbursts would in the future

be directed against other persons. Absent evidence of violent tendencies against others, the trial court's reasoning that defendant's sleeping in unlocked cars could eventually produce a confrontation with the owner of such vehicle does not support a finding that defendant would act in a manner dangerous to the owner or himself. The evidence does substantiate the express concern of the trial court and the prosecutor that defendant is in need of further psychiatric treatment and may need help providing for his personal needs. While this may form a basis for civil commitment *(see* ORS 426.005(2)(b)), it cannot justify a criminal commitment to a state hospital and placing defendant under the supervision of the PSRB.

Reversed and remanded.