Argued and submitted July 25, reversed August 25, 1980

In the Matter of Enoch Lloyd Christofferson,
alleged to be a mentally ill person.
STATE OF OREGON,
*Respondent,*

*v.*

ENOCH LLOYD CHRISTOFFERSON,
*Appellant.*

(No. 80-52, CA 17721)

615 P2d 1152

Thomas C. Bernier, Assistant Public Defender Roseburg, argued the cause and filed the brief for appellant.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

## RICHARDSON, P.J.

Petitioner in this involuntary civil commitment proceedings contends that the trial court erred in finding him a mentally ill person within the meaning of ORS 426.005(2) and committing him to the Mental Health Division.

ORS 426.005(2) provides:

"As used in ORS 426.005 to 426.390, unless the context requires otherwise:

"* * * * *

"(2) 'Mentally ill person' means a person who, because of a mental disorder, is either:

"(a) Dangerous to himself or others; or

"(b) Unable to provide for his basic personal needs and is not receiving such care as is necessary for his health or safety."

Defense counsel conceded at the hearing that petitioner is suffering from a mental disease or disorder. On de novo review, the sole issue is whether clear and convincing evidence supports the conclusion that petitioner is either dangerous to himself or others or unable to provide for his basic personal needs. ORS 426.005(2); 426.130.

Two police officers testified that they had observed petitioner several times during the months preceding the hearing and that he continued to appear well-nourished and physically healthy. No other evidence was presented on the issue of whether petitioner was able to provide for his basic personal needs.

The only evidence tending to prove that petitioner was dangerous was the following expert testimony:

"THE COURT: Doctor Gray, you expressed an opinion that he constituted a danger to himself or to others. Do you want to explain that?

"DR. GRAY: Yes, I feel he is *possibly* dangerous to himself because he is pretty disoriented as far as his social relations with the community are concerned.

[1089]

"Certainly most any question we have asked has deteriorated into a religious-type answer that doesn't bear any relationship to what we have asked him. I feel that with this kind of a personality he *could misinterpret* many things that would be said to him and *could become dangerous* to others.

"I feel the only reason he is dangerous to himself is because he is delusional and *could carry out* his delusions. This *could result* in destructive behavior to yourself [sic].

"THE COURT: Mr. Rudolf [a court appointed mental health examiner], do you want to explain your findings?

"MR. RUDOLF: It's my opinion that Mr. Christofferson is psychotic and with that condition the reason I indicated in my opinion he was dangerous to self he is [sic] extremely disoriented in terms of response appropriateness and this *could lend itself to situations* where he is unable to protect himself from consequences of inappropriate social behaviour and he *could agitate* others.

"He *could also project* his own hallucinations and delusions into active action through agitation of others and interactions with others. Further dangerous, [sic] his illness is not going to get better untreated. Therefore, I feel his condition constitutes a danger to himself in that he is not actively seeking help for his condition." (Emphasis added.)

The record indicates that petitioner has been delusional for some time. There is no evidence in the record indicating his delusional responses have resulted in harm to himself or others or created situations likely to result in harm. The conclusions regarding petitioner's dangerousness to others are based on conjectured situations in which violent behavior by appellant or someone agitated by him "could" "possibly" occur. Such evidence does not support an involuntary civil commitment. *State v. Conrad,* 34 Or App 119, 578 P2d 1, *rev den* 283 Or 235 (1978). Moreover, the opinions are based solely on the fact that petitioner is disoriented and gives socially inappropriate responses.

The state has failed to carry its burden of proof. *State v. Nelson,* 35 Or App 57, 580 P2d 590 (1978); *see also, State v. Rath,* 46 Or App 695, 613 P2d 60 (1980).

Reversed.