Argued and submitted August 24, reversed November 23, 1981

STATE OF OREGON,
*Respondent,*
*v.*
WYNN ETIENNE LeHUQUET,
*Appellant.*

(No. 80-07-32506, CA A20308)

636 P2d 467

David L. Slader, Portland, argued the cause and filed the brief for appellant.

James E. Mountain, Jr., Deputy Solicitor General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Virginia L. Linder, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Warren, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals his commitment to the custody of the Psychiatric Security Review Board (PSRB) following the trial court's finding that he was not responsible because of mental disease or defect. He contends that the court erred in placing him under the jurisdiction of PSRB, because there was insufficient evidence of his dangerousness to himself or others. We agree.

■ Former ORS 161.327(1), in effect at the time of the hearing, required that the court find by a preponderance of the evidence that defendant represents a substantial danger to himself or others in order to place him under PSRB. There is no evidence — other than the testimony of a psychiatrist that alcoholics become irritable and angry — that defendant, diagnosed as a chronic alcoholic suffering from permanent alcohol-induced brain damage, is dangerous to others. The only danger defendant presents to himself is the deterioration that accompanies chronic alcoholism. There is no evidence that defendant is otherwise in ill health, undernourished or cannot care for himself. The record does not disclose that defendant's "impaired thinking," "false beliefs," or "grand delusions" present a substantial danger.

■ The mere desirability of institutionalization for defendant's condition is insufficient for commitment under the statute. *State v. Johnson,* 8 Or App 263, 266, 493 P2d 1386 (1972); *cf. State v. Rath,* 46 Or App 695, 613 P2d 60 (1980) (evidence that defendant, a paranoid schizophrenic, frequently slept in unlocked cars belonging to others held insufficient showing of dangerousness, absent evidence of violent tendencies); *see also, State v. Kristofferson,* 47 Or App 1087, 615 P2d 1152 (1980); *State v. Sterzicg,* 47 Or App 621, 614 P2d 631 (1980).

Reversed.[1]

---

[1] Although we need not reach defendant's contention that the court also erred in denying him a hearing on the issue of conditional release, that contention is also correct. Former ORS 161.325; 161.327.