Argued and submitted January 20, reversed April 22, 1987

In the Matter of
Frances Nance, Alleged to be a Mentally Ill Person.
STATE OF OREGON,
*Respondent,*

*v.*

FRANCES NANCE,
*Appellant.*

(8606-95-0891; CA A40802)

735 P2d 1271

Timothy J. Murphy, Portland, argued the cause for appellant. With him on the brief was Grebe, Gross, Peek, Osborne & Dagle, P.C., Portland.

Charlene Woods, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is an involuntary mental commitment proceeding. Appellant contends that the state has not presented clear and convincing evidence that she is unable to care for her basic needs. On *de novo* review, ORS 426.060(1); ORS 111.205; *State v. O'Neill,* 274 Or 59, 61, 545 P2d 97 (1976), we reverse.

Appellant was 62 years old at the time of the hearing. She had been living alone for 19 years since her divorce. Her ex-husband visited her almost daily, bringing her groceries and taking her on errands. Witnesses testified that she kept a clean house, was good about her personal hygiene and dressed appropriately for the weather. During the six weeks before the hearing, her weight decreased from 90 to 77 pounds. By the time of the hearing, she had returned to 90 pounds. She testified that she has sleeping problems, because noises she hears at night keep her awake. She stated that, for several years, she had had sleep problems off and on and had had weight fluctuations. Her neighbors testified that she frequently shouted profanities at them and accused them of dealing drugs. She testified that she did not shout at the neighbors.

■    The state contended that appellant is a danger to herself and to others[1] and that she was unable to care for her own basic needs. Two "experts"[2] testified at the hearing regarding her condition. However, no evidence was presented as to the qualifications of those experts regarding the problems that appellant was alleged to have, and it does not appear from the record that either expert had any special training or expertise in psychology or psychiatry. The trial court concluded:

"I find that you are a mentally ill person and in need of treatment, care, or custody. I also find that because of the mental disorder, you are incapable of deciding whether or not to submit to the care of a psychiatrist, that you would be

[1] In this court, the state concedes that there is not clear and convincing evidence that appellant is a danger *to others.*

[2] One of the experts was an osteopath; the other was a Ph.D. The record does not reveal the nature of their expertise. Neither examined appellant. Their conclusions, from observing her at the hearing, were based on potential problems that she *might* face. Conclusions based on conjecture are not sufficient to prove a need for mental commitment. *State v. Christofferson,* 47 Or App 1087, 1090, 615 P2d 1152 (1980).

incapable of either consenting to or refusing any particular type of treatment the attending physician might prescribe."

The court committed her to the Mental Health Division.

The state argues that there is clear and convincing evidence in the fact that she suffered a "severe" weight loss and did not seek medical help, that she had had recurrent sleeping and weight loss problems and had not sought medical or psychiatric help and that, even at 90 pounds, she was 10 percent below her "ideal weight" and did not recognize that she needed help.

Involuntary commitment is governed by statute. ORS 426.070 *et seq.* It requires proof that the person is mentally ill. ORS 426.005(2) provides that a person is mentally ill if, because of a mental disorder, the person is either:

"(a)   Dangerous to self or others; or

"(b)   Unable to provide for basic personal needs and is not receiving such care as is necessary for health or safety."

The proof must be by clear and convincing evidence. ORS 426.130. That standard of proof requires that " 'the truth of the facts asserted is highly probable.' " *State v. Fletcher,* 60 Or App 623, 625, 654 P2d 1121 (1982), *quoting Cook v. Michael,* 214 Or 513, 527, 330 P2d 1026 (1958). We hold that the record does not support the conclusion that appellant is unable to care for her basic needs.

Appellant has lived alone for 19 years. Her former husband assists her with groceries and errands. She has adequate food, clothing and shelter. While she suffers from sleepless nights and experiences frequent fluctuations in weight, there is scant evidence that she is unable to care for her health needs. The record shows that she has sought medical treatment in the past for a foot problem and for a general physical. She has not sought treatment for sleeplessness or her weight problems, because she does not see them as medical problems and believes that she can deal with them on her own. There is evidence that she may be right in that regard. She regained weight that she had lost before the hearing, without the state's intervention. There is no other evidence that she is unable to care for her needs or that she is a danger to herself. We

conclude that the state has failed to sustain its burden of proof.[3]

Reversed.

---

[3] Because of this result, we have not reached appellant's other assignment of error.