Submitted October 3, reversed November 26, 2014

In the Matter of K. K. G.,
Alleged to be a Mentally Ill Person.
STATE OF OREGON,
*Respondent,*

*v.*

K. K. G.,
*Appellant.*

Lane County Circuit Court
301313285; A154815

340 P3d 735

James A. Palmer filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

Appellant seeks reversal of a judgment that ordered his involuntarily commitment under ORS 426.130 for a period not to exceed 180 days. As stated in the general judgment of commitment, the trial court found that appellant "is suffering from a mental disorder, is a danger to himself and others, will not benefit from voluntary commitment and although is able to provide for his basic personal needs, outside the institutional setting is not now receiving such care as is necessary for his health and safety." Appellant raises two assignments of error. In his first assignment of error, he argues that, contrary to the trial court's ruling, the record does not establish by clear and convincing evidence that he was dangerous to himself or others. ORS 426.130; ORS 426.005(1)(e)(A). In his second assignment, he argues that, contrary to the trial court's ruling, the record does not establish by clear and convincing evidence that he was unable to provide for his basic personal needs and is not receiving such care as is necessary for his health or safety. ORS 426.130; ORS 426.005(1)(e)(B).

The court-appointed psychiatric examiner did not determine that appellant was dangerous to himself or others; appellant's struggle with arresting officers that occurred just prior to the proceedings that led to his commitment is insufficient evidence under our case law, *State v. B. P.*, 229 Or App 487, 211 P3d 975 (2009), and *State v. A. M. R.*, 236 Or App 186, 235 P3d 720 (2010), to conclude that he was dangerous to himself or others. ORS 426.005(1)(e)(A). Moreover, the state points out that the trial court determined that appellant was a "[p]erson with a mental illness" despite the court's finding that he was able to provide for his basic needs. We restate here what is required for clear and convincing evidence concerning involuntary commitment under ORS 426.130:

> "[T]he state has the burden to prove by 'clear and convincing evidence' that appellant's mental disorder caused her to be either a danger to herself or others, or unable to care for her basic needs. That standard of proof requires evidence that is of 'extraordinary persuasiveness' and that makes the fact at issue 'highly probable.' *State v. [R. A.]*, 209 Or

App 647, 652, 149 P3d 289 (2006); *State v. [J. W. H.]*, 202 Or App 526, 533-34, 123 P3d 370 (2005).

"In order to establish that appellant is a danger to herself, the state must show that her mental disorder has 'resulted in harm to [her]self *** or created situations likely to result in harm.' *State v. Christofferson*, 47 Or App 1087, 1090, 615 P2d 1152 (1980). The likelihood of harm need not be immediate but 'must exist in the near future.' *State v. Jacobson*, 142 Or App 371, 377, 922 P2d 670 (1996). That proof cannot be speculative or conjectural. *See State v. Ayala*, 164 Or App 399, 404, 991 P2d 1100 (1999) ('Apprehensions, speculations and conjecture are not sufficient to prove a need for mental commitment.')."

*State v. L. P.*, 213 Or App 225, 233, 160 P3d 634 (2007).

The state concedes that the evidence is legally insufficient to support involuntary commitment based on danger to self or others, that the trial court erred by ordering appellant's involuntary commitment based on appellant not receiving care for his basic needs as is necessary for health and safety even though the trial court found him able to provide for his basic needs, and that the judgment should be reversed. We agree, accept the state's concession, and reverse.

Reversed.