[Sac. No. 846.   Department Two.—May 27, 1902.]

# ALEXANDER PARKER, Sr., Respondent, v. JAMES W. GREGG, et al., Appellants.

WATER RIGHTS—CAPACITY OF DITCH—MEASUREMENT—CONFLICTING EVIDENCE—SUPPORT OF FINDING.—In an action for damages for repeated removals of plaintiff's dam at the head of his ditch, and to enjoin further trespass, where the judgment was for the plaintiff, and the evidence was conflicting as to the capacity of plaintiff's ditch, the court was not bound to take the testimony of a witness for the defendants who measured the ditch as against the plaintiff's witnesses who testified to a greater capacity than that shown by such measurement; and the finding of the court on that question of fact cannot be disturbed upon appeal.

ID.—INTERFERENCE WITH DAMS—FINDING—IDENTITY OF DAM DISTURBED. —Where it appeared from the complaint and evidence that the plaintiff had diverted water into his ditch by small dams for thirty years prior to the occupation of the land of defendants, and that the ditch headed on a swampy place where the water spread out, and small dams were placed by plaintiff in different places at different times, without changing the head of the ditch, and the court found that the defendants had interfered with and destroyed the dam and dams by which the water was diverted, it cannot be maintained that the dam mentioned in the complaint as removed was not the identical one destroyed by the defendants.

ID.—OVERFLOW CAUSED BY ACTS OF DEFENDANTS.—The plaintiff is not responsible for the overflow of the land of the defendants through which plaintiff's ditch ran, where it appears that the overflow complained of was caused by the acts of the defendants, and not by the plaintiff's dam in the stream interfered with by them.

ID.—OWNERSHIP OF DEFENDANTS' LAND—OMISSION IN FINDING.—Where the whole case was tried on the theory that the defendants owned the land through which the ditch ran, an omission expressly to find whether defendants owned the land is not material, where it appears that a finding of such ownership, if made, could not have changed the result.

APPEAL from an order of the Superior Court of Siskiyou County denying a new trial.   J. S. Beard, Judge.

The facts are stated in the opinion of the court.

O'Neill & Butler, for Appellants.

Gillis & Tapscott, for Respondent.

THE COURT.—Judgment was for plaintiff in the court below, and defendants appeal from an order denying their motion for a new trial.

The respondent is, and has been for forty years, the owner of a ditch by which he diverts, and for forty years has continued to divert, the waters of a natural stream called the East Fork of Scott River, in the county of Siskiyou. The action was brought to ·recover damages of appellants for repeated removals of respondent's dam at the head of said ditch, and to have them enjoined from a repetition of the trespass. The questions involved are mainly questions of fact, appellants contending that certain findings of the court are not justified by the evidence.

The finding of the court as to the capacity of respondent's ditch, which is attacked by appellants, cannot be disturbed. The evidence on the point was substantially conflicting; and the court was not bound to take as true the testimony of one of appellants' witnesses, who swore that he had measured the ditch, and to disregard the testimony of several of respondent's witnesses, who placed its capacity at a larger figure than the one given by the said witness of appellants. Whatever may be the meaning of section 1835 of the Code of Civil Procedure, it is clearly modified by the subsequent section 2061, which provides that "in civil cases . . . when the evidence is contradictory, the decision must be made according to the preponderance of evidence"; and it is settled law that where in such a case the evidence on an issue of fact is fairly and substantially conflicting the finding of the trial court must stand.

The finding that the damages were caused by the acts of appellants must also stand. There is some contention that the dam mentioned in the complaint was not the identical one which was torn out by appellants; but this is not maintainable. It is averred in the complaint that respondent diverted the water into his ditch by "small dams," and the court found that appellants had interfered with and destroyed the "dam and dams" by which the water was diverted. It appears from the evidence that the place where the ditch tapped the stream was level and swampy, and that the stream, as one of the witnesses described it, "kind of halted," and

spread out over a large space where there were bushes and small trees; and small dams had to be put in various places at different times. The court found, upon sufficient evidence, that the acts of appellants interfered with the conditions which had existed at the head of the ditch for thirty years before they went there or had acquired any interest in the adjoining land, and caused the stream to break through its banks a little above where the small dams usually were, and made it necessary for respondent to put in a dam at the break, which dam appellants tore out. The dams mentioned in the complaint were those which were necessary to keep the water diverted into the head of the ditch; and the head of the ditch had never been changed. The court also found, upon sufficient evidence, that certain acts of appellants, and not the keeping of a dam in the stream by respondent during the winter, caused a certain overflow of the ditch which appellants complain of.

There was also sufficient evidence to sustain the finding that the respondent's crops on the particular land occupied by himself were damaged to the extent of five hundred dollars, without considering damage to crops on lands occupied by his sons, in which he had an interest.

The foregoing are the main issues of fact. It is contended that a new trial should be granted because there was no finding on the averment of appellants that they were the owners of certain described lands; but the court, in various findings, refers to ''the land'' of appellants, and the whole case was tried on the theory that they owned the land described in their answers through which the ditch runs. Moreover, an express finding that appellants did own such lands could in no manner have changed the result.

We see no other points in the case which require notice.

The order appealed from is affirmed.