Argued October 1, affirmed October 24, 1958

# COOK *v.* MICHAEL
### 330 P. 2d 1926

*Robert H. Hollister*, of Portland, argued the cause for appellant. With him on the brief was Dan J. Kenney, of Portland.

*B. B. Kliks*, of Portland, argued the cause for respondent. With him on the brief was James L. Means, of Portland.

Before PERRY, Chief Justice, and WARNER, SLOAN and O'CONNELL, Justices.

O'CONNELL, J.

This is an action of assault and battery which resulted in a verdict and judgment in favor of the plaintiff in the amount of $1,000 general damages and $1,000 punitive damages. The defendant presents four assignments of error. Under the first assignment the defendant asserts that the court erred in sustaining the objection to the following question put to the plaintiff on cross-examination: "Q You think you should honestly be entitled to $20,000 punitive damages, Mr.

Cook?" It is the defendant's theory that the prayer for punitive damages was a matter in issue, that the defendant was prevented from inquiring into this matter and that the court's action in sustaining the objection had the effect of informing the jury that the court felt that an award of punitive damages would be proper. Since the plaintiff had prayed for $20,000 punitive damages in his complaint, the only purpose that the question could serve would be to provide the plaintiff with an opportunity to waive or reduce his claim or to confess that his claim was not honestly made. It is not realistic to assume that the question would elicit those results. This being true, the only effect of the question was to ask for the plaintiff's opinion on the value of his claim. The trial court properly concluded that "Those are questions for the jury, not for this witness."

The second and third assignments of error may be treated together. The defendant contends that error was committed by the trial judge in giving certain instructions and in refusing to give requested instructions. The essential parts of the instructions given were as follows:

"You are the judges of the effect and value of the evidence in this case. * * *

"In estimating the value and credibility of evidence, you are not bound to find in conformity with the declarations of any number of witnesses which do not produce conviction in your mind against a lesser number or against a presumption or other evidence satisfying your mind.

"You are to look for quality of evidence as well as the number of witnesses testifying and are not necessarily bound by mere number of witnesses. * * *

"Evidence is to be estimated not only by its own intrinsic weight, but also by the evidence which

it is within the power of one side to produce and the other side to contradict; * * *

"* * * the party making the affirmative allegation must prove it by a preponderance of the evidence. It matters not how small that preponderance may be, yet if he produces stronger or more credible proof than is produced by his opponent, the party making the allegation is entitled to prevail upon that issue.

"Preponderance of the evidence means the greater weight of the evidence. On the other hand, if the party making the denial or holding the negative of any issue produces as good and credible proof as the one holding the affirmative or makes the better case of the two, the negative is entitled to prevail."

The defendant took an exception to the foregoing instruction on the ground that it permitted the jury to find for the plaintiff on the basis of the "preponderance of the evidence" and that the proper instruction should have required a "preponderance of the satisfactory evidence" as contained in the defendant's requested instruction. The material part of the requested instruction is as follows:

"* * * It is up to the plaintiff to prove to you by a preponderance of the satisfactory evidence that the defendant did commit an assault and battery. In just a moment I will explain to you what is meant by a preponderance of the evidence and satisfactory evidence. I further instruct you that it is not up to defendant to disprove anything in this case, for the plaintiff always has the burden of proving by a preponderance of the satisfactory evidence. * * *
* * * * *

"* * * If you find that the defendant did assault the plaintiff, then before you may award any punitive damage in any amount whatsoever, you must further find by a preponderance of the satisfactory evidence that the defendant was actu-

ated by malice or that his actions were willful and wanton with an intent to injure the plaintiff."

The gist of the defendant's argument is that the failure to describe the plaintiff's burden of proof in terms of the preponderance of *satisfactory* evidence makes it possible for the jury to bring back a verdict for the plaintiff when he produces a greater *quantity* of evidence which may be made up of evidence *less satisfactory* than that produced by the defendant. In other words, the defendant contends that under such an instruction the jury is permitted to rest its verdict on the *quantity* rather than on the quality of evidence submitted to it. Our attention is directed to ORS 41.-110 which provides as follows:

"Satisfactory evidence is that which ordinarily produces moral certainty or conviction in an unprejudiced mind. It alone will justify a verdict. Evidence less than this is insufficient evidence."

It is not clear from the defendant's argument whether the error charged was the trial court's failure to use the phrase "preponderance of the satisfactory evidence" or its failure to define "satisfactory evidence", or both. Whichever way the defendant's assignment of error is viewed, it presents the troublesome problem of defining "preponderance of the evidence." It is a phrase not only confusing to jurors, but to the courts as well. See Judge W. B. Wanamaker's Report on a questionnaire sent to 2,250 former jurors, 11 U of Cin L Rev 119 (1937). As pointed out in Morgan, Basic Problems of Evidence (1954) page 21 et seq, an instruction that a party must establish his case by a preponderance of the evidence is susceptible of a number of meanings. It can mean, as the defendant has pointed out, that irrespective of the quality

of the evidence, the burden of proof may be satisfied by the greater amount of the evidence. It can also mean that the person who has the burden of proof carries it if he produces evidence of greater convincing power, even though this may amount only to a scintilla of evidence and therefore not a sufficient basis for the jury's finding. The meaning intended to be conveyed by the instruction is that the proposition asserted must be supported by evidence which generates in the mind of the juror a belief in the existence of that proposition. It is probably so understood by most jurors. McCormick, Evidence (1954) at page 678. It has been suggested that this meaning can be described best in terms of probabilities, i.e., that the proponent must prove that the existence of the fact in dispute is more probable than its nonexistence. Morgan, op cit, supra, page 24.

It is our opinion that the jury is not further enlightened by an instruction cast in the form of a "preponderance of the satisfactory evidence." But the defendant insists that our statutes afford us no choice. Our attention is first called to ORS 41.210 which states that "The party having the affirmative of the issue shall produce the evidence to prove it. * * *" The word "evidence" in this section, asserts the defendant, means "satisfactory" evidence. In support of this contention the defendant cites two Oregon cases. One of these is *Owen v. Holmes*, 199 Or 332, 337, 261 P2d 383 (1953), where the court said:

> "To recover in this case, it was incumbent upon plaintiff to establish by a preponderance of satisfactory evidence one or more of the specific acts of negligence charged against defendant, * * *."

The other case relied upon by the defendant is *Gwin v. Crawford*, 164 Or 215, 221, 100 P2d 1012 (1940), where

it was held that the defendant was entitled to the following requested instruction:

" 'In order for the plaintiff to prevail in this case, it is necessary that you should find by a preponderance of satisfactory evidence that the defendant was negligent and that such negligence was a proximate cause of the injuries to the plaintiff. You are instructed that in determining whether plaintiff has sustained this burden that evidence is deemed satisfactory only if it produces moral certainty or conviction in an unprejudiced mind. Only evidence which produces such moral certainty or conviction is sufficient to justify a verdict, any evidence less than this being insufficient.' "

It was held that the trial court's refusal to give the requested instruction was error, and together with other errors, was ground for reversal.

In *Willoughby v. Driscoll,* 168 Or 187, 120 P2d 768, 121 P2d 917, the court in commenting on the Gwin case said that if the only error had been the refusal to give the "moral certainty" instruction it would be very doubtful that such refusal would in itself be a sufficient basis for reversal. The Gwin case is further weakened by *McVay v. Byars,* 171 Or 449, 138 P2d 210 (1943) where the court held that the failure to give a requested instruction essentially the same as that requested in the Gwin case was not error. The court said:

"* * * The legislature not having commanded that the 'moral certainty' rule be given to juries, (assuming, but certainly not deciding that it might lawfully do so), and the requested instruction being cautionary only, no error was committed in refusing to give it. * * *" 171 Or at page 455.

It will be noted that the instructions requested in the Gwin and McVay cases use the phrase "preponderance

of satisfactory evidence" and also define "satisfactory evidence", the latter phrase being defined in terms of the statute (now ORS 41.110) as evidence "which ordinarily produces moral certainty or conviction in an unprejudiced mind." The court refers to the requested instruction as the "moral certainty" instruction, and it seems probable that the error relied upon by the proponent in that case was the failure to give the statutory definition of satisfactory evidence rather than the failure to use the phrase "preponderance of satisfactory evidence." In the Willoughby case the definition of satisfactory evidence alone was involved. We mention this because the defendant in the case at bar did not directly request an instruction containing the definition of "satisfactory evidence." The defendant argues that the request was contained in that part of the submitted instruction which reads, "In just a moment I will explain to you what is meant by a preponderance of the evidence and satisfactory evidence." This does not constitute a sufficient request for an instruction. The requested instruction must clearly, concisely and accurately state the law in question. *Severy v. Myrmo*, 186 Or 611, 614, 207 P2d 151 (1949). There is, however, an additional ground upon which we may rest this part of the case. We hold that where the burden of proof is by a preponderance of the evidence it is proper for the trial court to refuse to give a requested instruction containing the phrase "preponderance of satisfactory evidence" and the statutory definition of satisfactory evidence, (ORS 41.110). For reasons which we shall set forth later we are of the opinion that it is not only proper for the trial judge to refuse to give such an instruction in a civil case, but that it would constitute error were he to give it.

We shall now examine the pertinent Oregon statutes

and the cases interpreting them. ORS 17.250(5) provides that the jury is to be instructed, as follows:

> "That in civil cases the affirmative of the issue shall be proved, and when the evidence is contradictory, the finding shall be according to the preponderance of evidence; that in criminal cases guilt shall be established beyond reasonable doubt;".

Looking at this section alone, a description of the proponent's burden simply in terms of a preponderance of the evidence would seem clearly adequate. Difficulties arise, however, if we read into ORS 17.250 the definition of satisfactory evidence contained in ORS 41.110, which reads as follows:

> "Satisfactory evidence is that which ordinarily produces moral certainty or conviction in an unprejudiced mind. It alone will justify a verdict. Evidence less than this is insufficient evidence."

The degree of proof required is also cast in similar language. This is found in ORS 41.250, which reads as follows:

> "The law does not require demonstration; that is, such a degree of proof as, excluding possibility of error, produces absolute certainty. Moral certainty only is required, or that degree of proof which produces conviction in an unprejudiced mind."

The language in the statutory definition of satisfactory evidence is strikingly similar to the language found in definitions of "reasonable doubt", typical of which is the oft-quoted statement of Chief Justice Shaw in *Commonwealth v. Webster*, 59 Mass (5 Cush) 295, 320 (1850), which reads as follows:

> "It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding

conviction to a moral certainty, of the truth of the charge."

Because of this similarity in language an instruction in a civil case which contains the statutory definition of "satisfactory evidence" would, in effect, require the degree of proof demanded in criminal cases. This was the conclusion reached in *People v. Miller*, 171 Cal 649, 154 P 468 (1916), where the court, in dealing with the statutes substantially the same as ORS 41.110 and ORS 17.250, held that where the proponent had the burden of proving his case by a preponderance of the evidence it was error to incorporate into the instruction the statutory definition of satisfactory evidence. One member of the court in a concurring opinion expressed the view that the California statutes equivalent to ORS 41.110 and ORS 17.250 were intended to apply only in criminal cases, and to support this position he pointed to the history of the two sections, derived from the notes of the codifiers and commentators.

In examining the history of our own code of evidence we find the following notation in Deady's Code (General Laws of Oregon 1845-1864), page 315:

> "The rules and principles of the law of evidence as embodied and codified in this and the following two chapters are mainly condensed and extracted from Greenleaf's Treatise on the Law of Evidence."

Turning to 1 Greenleaf on Evidence (Redfield Ed, 1866) page 4, we find the following definition of satisfactory evidence:

> "By *satisfactory* evidence, which is sometimes called *sufficient* evidence, is intended that amount of proof, which ordinarily satisfies an unprejudiced mind beyond a reasonable doubt."

And in the editor's notes in a later edition of Greenleaf, it is stated that "Proof to a 'moral certainty' is

an equivalent phrase with proof 'beyond a reasonable doubt.' " 1 Greenleaf, Evidence, 14th Ed, page 22, Note (a).

There are numerous cases in other jurisdictions which hold that the expressions "to a moral certainty" and "beyond a reasonable doubt" are synonymous. See 27 Words and Phrases (Perm Ed) page 541 et seq. See also *State v. Megorden*, 49 Or 259, 88 P 306 (1907), where the "moral certainty" instruction was given in a criminal case.

 We are of the opinion that in a civil case an instruction which describes the proponent's onus of proof in terms of the definition set out in ORS 41.110 imposes too great a burden upon him. For this reason it would be error for the trial court to so instruct the jury. We recognize that in earlier Oregon cases it has been held or assumed that under the proper circumstances the "moral certainty" instruction is appropriate in civil cases. *McVay v. Byars; Willoughby v. Driscoll; Gwin v. Crawford*; all supra; and *Metropolitan Casualty Ins. Co. v. Lesher,* 152 Or 161, 52 P2d 1133 (1935); and *Hubbard v. Lamford Lumber Co., Inc.,* 209 Or 145, 304 P2d 943 (1956). To the extent that these cases are inconsistent with the position we now take, they are overruled. We regard ORS 41.110 as a legislative attempt to define more specifically the term "reasonable doubt" found in ORS 17.250 and therefore that ORS 41.110 must be confined to criminal cases. For the same reason we hold that it is not proper in a civil case to refer to that part of ORS 41.250 which reads, "Moral certainty only is required, or that degree of proof which produces conviction in an unprejudiced mind."

We realize that our interpretation puts considerable strain on our statutes relating to the burden of proof

and instructions. But in view of "certain carelessly-drawn provisions contained in our Code of Civil Procedure" (to borrow a phrase from *People v. Miller*, supra, commenting on essentially the same Code as our own) our conclusion seems justified. Were we to endorse the use of the language in ORS 41.110 and ORS 41.250 in instructions in civil cases, it would be impossible to make sense out of ORS 17.250 which assumes a distinction between the burden of proof in civil and criminal cases. See *Parker v. Gregg*, 136 Cal 413, 69 P 22 (1902). This is not the only instance where inconsistency exists. For example, ORS 41.360 states that the jury is bound to find according to certain presumptions. But, as pointed out in *People v. Miller,* supra, 171 Cal at 471, "All this is true although the presumption may not be such as to ordinarily produce moral certainty or conviction of the fact presumed in an unprejudiced mind."

The California legislature has eliminated the source of this difficulty by repealing the section of their Code of Civil Procedure, § 1835, which corresponded to ORS 41.110. We commend this solution to the Oregon Legislature.

Our treatment of ORS 17.250(5) should not be taken to mean that in civil cases an instruction in terms of a preponderance of the evidence is the only permissible charge. When an issue must be proved by clear and convincing evidence an instruction so stating does not run counter to ORS 17.250(5). Thus where the issue is fraud, a higher degree of proof is necessary. McCormick, Evidence, page 679 (1954). This court has recognized that in appropriate cases an instruction stating the burden of proof in terms of clear and convincing evidence, or similar language, is proper. *Metropolitan Casualty Ins. Co. v. Lesher*, supra. But in that

case the expression *"preponderance* of clear and convincing evidence" and similar phraseology was endorsed. We now think that this manner of instructing the jury is not proper and that an instruction intended to describe the burden of proof as one requiring clear and convincing evidence should not be couched in terms of a "preponderance" of such evidence or that such evidence must "preponderate." We say this because the conjunction of the expressions "preponderance" and "clear and convincing" are apt to lead the jury into confusion. The principal source of the confusion (which even the appellate courts frequently do not see) is in the double meaning of the word "preponderance." The word is often used simply to express the idea that the person with the burden of proof must produce evidence which "weighs more" than the evidence to the contrary. When so used no attempt is made to describe *the degree of belief* which must be generated in the jurors' minds for the proponent to win; that is to say, how much more it must weigh in the particular case. As stated in *Larson v. Jo Ann Cab Corporation*, NY App, 209 F2d 929, 931:

> " 'Preponderance' is but a long latinism for the short English words 'weigh more'. Today, it is merely a metaphor; it suggests that when the jury considers the evidence, it is as if the evidence were weighed on a scale. * * *"

This, then, is merely a way of stating that the proponent has the burden of proof. But as pointed out earlier in this opinion, the word "preponderance" may be used to describe, not simply the broad idea that the proponent's evidence must "weigh more", but it is an attempt to describe the *degree* of weight which must characterize the evidence before the proponent can win. In this latter sense the phrase "preponderance of

the evidence" is contrasted with two other phrases, viz., "clear and convincing" and "beyond a reasonable doubt." These expressions name the three degrees of proof in three classes of cases. In ordinary civil cases the degree of proof required is a preponderance of the evidence; in some types of cases, such as those involving the issue of fraud, many courts require "clear and convincing" evidence; and in criminal cases guilt must be established "beyond a reasonable doubt." Each of these is a *different* degree of proof. They may be regarded as designating degrees on a graduated scale, with "preponderance" at the lowest end of the scale, "reasonable doubt" at the highest end, and "clear and convincing" in the middle. The degrees dealt with here are degrees of probability—the probability of the truth of the proposition being asserted, and the three phrases used by the courts in instructing juries purport to inform the jury of the *amount of belief* which they must have in order to find for the person with the burden of proof. In this sense, proof by a "preponderance of the evidence" means that the jury must believe that the facts asserted are more probably true than false; proof by "clear and convincing evidence" means that the truth of the facts asserted is highly probable; and proof "beyond a reasonable doubt" means that the facts asserted are almost certainly true. It becomes apparent, therefore, that an instruction which charges the jury that proof must be established by a "preponderance of the clear and convincing evidence" is not only confusing to the jury, but is illogical as well, if the word "preponderance" is taken to mean a degree of belief. This is so because if the expressions "preponderance of the evidence" and "clear and convincing evidence" convey the idea of two distinct degrees of belief which must be gener-

ated in the jurors' minds, it is improper to treat the latter expression as a part of the former. For this reason, when the proposition to be proved must be established by clear and convincing evidence, we regard it as improper for the trial court to use the word "preponderance" in any of the instructions relating to that proposition. This is not inconsistent with the demand of ORS 17.250(5) which requires that the jury be instructed that "the finding shall be according to the preponderance of evidence." The word "preponderance" is here used in the first sense mentioned above, that is, to express the rule that the person with the affirmative of the issue has the burden of proof and must produce evidence which "weighs more" than the evidence offered to the contrary. This idea can be expressed without the use of the word "preponderance" and certainly the legislature did not intend that it should be used if confusion would be created in combining it with other expressions such as the expression "clear and convincing evidence." If we should treat the phrase "preponderance of evidence" in ORS 17.250(5) as describing a degree of proof required, then it may be pointed out that this section provides only that the jury is to be instructed that the finding shall be according to the preponderance of the evidence "on all proper occasions." It would not be a proper occasion to instruct the jury that a preponderance of the evidence is necessary in a case in which clear and convincing evidence is required, for the reasons given above.

■ In the present case the trial court gave the instructions commonly given where the degree of proof required is a preponderance of evidence. The instruction would have been clearer if the term had been further defined as requiring proof that the facts as-

serted were more probably true than false. See, Morgan, Basic Problems of Evidence, Vol 1, page 22 (1954). But we are of the opinion that the instructions adequately apprised the jury of the plaintiff's burden of proof and that the defendant was not entitled to the instruction requested by him.

We realize that the trial judge is confronted with a troublesome task in framing proper instructions to the jury. We think that he would be aided materially by the suggested instructions set forth in Selected Writings on Evidence and Trial, and in 32 Cal L Rev 242. Those recommended instructions are cast in terms of the amount of belief which must be generated in the mind of the juror in each of the three divisions of proof discussed above.

■ Under the fourth assignment of error the defendant urges that the trial court erred in refusing to give the following requested instruction:

> "And Lastly, if you find that the defendant did assault and batter the plaintiff, but that the plaintiff did not receive any injury therefrom, you may award to the plaintiff, as nominal damages, the amount of $1.00 or thereabouts.
>
> "And Lastly, if you find that the defendant did assault and batter the plaintiff, but that the plaintiff did not receive any injury therefrom, you may award to the plaintiff only a nominal amount as general damages. Nominal damages means some trifling or insignificant amount."

The defendant contends that the trial court's refusal to give the requested instruction had the same effect as an instruction to the jury that if they found that an assault was committed they should bring in a verdict for substantial damages. Apparently it is defendant's position that had the requested instruction been given

the jury might have brought back a verdict for nominal damages. The jury returned a verdict for the plaintiff in the amount of $1,000 general damages and $1,000 punitive damages. It does not seem reasonable to assume that it would have returned a verdict for nominal damages had the requested instruction been given. There was nothing in the instruction given which prevented the jury from bringing back a verdict for a nominal amount if it had found the damages unsubstantial. In fact, the instructions given were qualified so as to suggest the possibility of an unsubstantial injury. Thus the jury was instructed that:

> "* * * If you find for the plaintiff the amount of plaintiff's compensatory damages, *if any*, should be commensurate with the amount and extent of the physical injury, *if any*, which plaintiff received as a direct result of the alleged assault and battery." (Italics ours.)

Other instructions on damages were similarly qualified by the phrase "if any". Under the circumstances we find no error in the trial court's refusal to give the requested instruction. The judgment is affirmed.