Argued and submitted December 29, 1982, reversed and remanded July 26, 1983

# MUTUAL OF ENUMCLAW INSURANCE CO.,
*Petitioner on Review,*

*v.*

## McBRIDE et al,
*Respondents on Review.*

(CA A23657, SC 29101)

667 P2d 494

W.V. Deatherage, Medford, argued the cause for petitioner on review. With him on the petition and briefs were John B. Rogers and Frohnmayer, Deatherage, deSchweinitz & Pratt, Medford.

Robert A. Sacks, Portland, argued the cause and filed the brief for respondents on review.

Before Lent, Chief Justice, Linde, Peterson, Campbell, Roberts & Carson, Justices, and Jones, Justice pro tempore.

ROBERTS, J.

## ROBERTS, J.

In this declaratory judgment action plaintiff insurer alleged that defendant insureds committed fraud or false swearing, thus rendering their fire insurance policy void, ORS 743.612. Following a jury verdict and judgment for plaintiff, the trial court ordered a new trial on grounds that the jury had been erroneously instructed regarding the measure of proof. The Court of Appeals affirmed per curiam, 60 Or App 168, 652 P2d 382 (1982), citing *Transamerica v. Bloomfield,* 55 Or App 31, 637 P2d 176 (1981). We allowed review to decide whether proof of fraud or false swearing, in an action to void a fire insurance policy under the provision required by ORS 743.612, must be by clear and convincing evidence or by the preponderance of evidence.

■   We hold the jury was properly instructed that the measure of proof is by a preponderance. Accordingly, we reverse the Court of Appeals and remand for entry of judgment based on the original verdict.

Plaintiff contracted to provide defendants with fire insurance coverage for their residence and its contents, which were then damaged by fire. Like all fire policies in Oregon, this one is void if the insured commits fraud or false swearing, ORS 743.612.[1] Defendants executed a sworn proof of loss.

The insurer brought a declaratory judgment action seeking to determine whether defendants committed fraud or false swearing. Defendants denied the crucial allegation and counterclaimed for the $123,000 allegedly owed under the policy. The insurer raised fraud and false swearing as a defense to the counterclaim.

At trial investigators testified that no evidence was found by search of the debris of a number of the claimed items of personal property. Instructed to decide by a preponderance of the evidence, and after deliberating seven hours, the jury returned a special verdict that there had been false statement

---

[1] ORS 743.612 provides:

"A fire insurance policy shall contain a provision as follows: 'This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.' "

or false swearing. Accordingly, the circuit court rendered judgment for plaintiff, declaring the policy void and dismissing the counterclaim. Defendants' motion for new trial, based on the very recent opinion in *Transamerica, supra,* was granted. The present appeal is from the order for new trial.

Both parties agree *Transamerica* is indistinguishable[2] but plaintiff argues that it was wrongly decided. *Transamerica* held that the elements of misrepresentation and false swearing under ORS 743.612 are sufficiently similar to the elements of common law fraud as to compel application of the same standard of proof. The court applied the measure of proof for common law fraud, clear and convincing evidence, in reliance on *Cook v. Michael,* 214 Or 513, 330 P2d 1026 (1958) and *Fahrenwald v. Hemphill,* 239 Or 421, 398 P2d 174 (1965).

ORS 10.095(5) and (6) provide:

"The jury, subject to the control of the court, in the cases specified by statute, are the judges of the effect or value of evidence addressed to them, except when it is thereby declared to be conclusive. They are, however, to be instructed by the court on all proper occasions:

"* * * * *

"(5) That in civil cases the affirmative of the issue shall be proved, and when the evidence is contradictory, the finding shall be according to the preponderance of evidence;

"(6) That in criminal cases a person is innocent of a crime or wrong until the prosecution proves otherwise, and guilt shall be established beyond reasonable doubt."

In spite of the fact that this provision has been a part of the Oregon statutes since the Deady Code, the earliest compilation of Oregon laws, a third measure of proof has developed by case law. *Cook v. Michael, supra.*

Prior to *Cook v. Michael* this court had adhered to the two levels of proof specified in the statute but had held that in

[2] As compared with *Transamerica v. Bloomfield,* 55 Or App 31, 637 P2d 176 (1981), the posture on review is reversed: there, the jury was instructed to decide by clear and convincing evidence, judgment was entered for defendant, and affirmed by the Court of Appeals. And there, the issue was wilful misrepresentation, not fraud or false swearing. No review was sought from the Court of Appeals opinion in *Transamerica.*

some cases a certain "quality" of proof such as "clear and satisfactory" proof was required in order for there to be a preponderance. *Metropolitan Cas. Ins. Co. v. Lesher,* 152 Or 161, 52 P2d 1133 (1935).[3] *See Wilkerson Est. Hill v. U.S. Nat. Bank,* 187 Or 635, 213 P2d 209 (1949) emphasizing that *Metropolitan* had not altered the rule that the measure of proof in civil actions is by a preponderance.

*Cook v. Michael, supra,* was an action for damages for assault and battery. We affirmed instructing the jury to decide by the "preponderance of the evidence," and held that defendant's requested instruction by a "preponderance of the satisfactory evidence" would have been erroneous because the term "satisfactory" describes an elevated measure of proof. The measure of proof was defined in terms of the degree of probability of belief which the jury must have in order to find for the party with the burden of proof. 214 Or at 527. *Cook v. Michael* then held that the statute permits an intermediate measure of proof "in appropriate cases." Thus, in some civil cases, the measure of proof may be an intermediate level, higher than by a preponderance, which is clear and convincing evidence.[4] *Cook v. Michael* went on to say that cases of fraud are "appropriate" ones to instruct the jury in terms of clear and convincing evidence, citing McCormick, *Evidence* (1954) and *Metropolitan Cas. Ins. Co. v. Lesher.* 214 Or at 525. This was dictum since *Cook v. Michael* was not a fraud case, as a casenote immediately recognized. Lacy, Evidence - 1959 Oregon Survey, 39

---

[3] *Metropolitan Cas. Ins. Co. v. Lesher,* 152 Or 161, 52 P2d 1133 (1935) also restated certain specific principles applicable to fraud. Where the issue is fraud, the presumptions of innocence and honesty must be overcome. "To create a preponderance of evidence, the evidence must be sufficient to overcome the opposing presumption * * *", 152 Or at 167; thus a presumption of innocence must be overcome by clear and satisfactory evidence in order for there to be a preponderance of the evidence. *Metropolitan* also stated that where the evidence for fraud is circumstantial, the evidence must be as strong as if there were direct evidence; the burden of proof lies on the party alleging fraud; fraud is a civil action, hence the jury must be instructed that the measure of proof is by a preponderance. The rule of *Metropolitan* was a position taken by a substantial number of other courts, perhaps a majority at the time.

[4] The case also declared the term "satisfactory" evidence to be proof by a moral certainty, a measure equal to proof beyond a reasonable doubt. *Cook v. Michael,* 214 Or 513, 330 P2d 1026 (1958) overruled *Metropolitan Casualty v. Lesher, supra,* and *McVay v. Byars,* 171 Or 449, 138 P2d 210 (1943); *Willoughby v. Driscoll,* 168 Or 187, 120 P2d 768, 121 P2d 917 (1942), *Gwin v. Crawford,* 164 Or 215, 100 P2d 1012 (1940), and *Hubbard v. Lamford Lumber Co., Inc.,* 209 Or 145, 304 P2d 943 (1956) insofar as the use of the "satisfactory" evidence instruction of ORS 41.110 in civil cases was concerned.

Or L Rev 19, 27 (1959). However, this court has regularly cited *Cook v. Michael* for the proposition that fraud must be proved by clear and convincing evidence. *See, e.g., Zeleny v. Karnosh,* 224 Or 419, 424, 356 P2d 426 (1960); *Medak v. Hekimian,* 241 Or 38, 46, 404 P2d 203 (1965); and *Webb v. Clark,* 274 Or 387, 391, 546 P2d 1078 (1976).

So well established is this rule that the commentary to OEC 305 states, "[i]n actions that allege fraud or gift, for example, the trier of fact must be persuaded by 'clear and convincing evidence,' which means that the truth of the facts asserted must be highly probable," citing *Cook v. Michael, supra.* This is repeated in L. Kirkpatrick, *Oregon Evidence* 51 (1982). The dictum of *Cook v. Michael* has become the accepted practice in Oregon. Thus, while the preponderance standard is the rule in most civil cases, an exception to the standard is applied in civil cases of common law fraud.

Defendants claim that the elements of fraud and false swearing under ORS 743.612 and common law fraud are sufficiently similar as to indicate a legislative intent to incorporate into the statutory action the judicially created elevated measure of proof. Plaintiff invites us not only to determine that the statutory preponderance is all that is required in this case but to reevaluate whether a higher level of proof should be required to prove common law fraud. Plaintiff relies on *Metropolitan Cas. Ins. Co. v. Lesher, supra,* and the skepticism often voiced regarding the practical importance of an intermediate measure of proof.[5] The time may come when it is proper to address the question of the requirement of a higher level of proof in actions for common law fraud; but we decline to do so here because we disagree that the statutory provisions of fraud and false swearing are sufficiently similar to common law fraud as urged by defendants, nor do we think that to be the proper basis on which to decide this case.

---

[5] *Transamerica,* 55 Or App at 40 n. 5; *Byers v. Santiam Ford, Inc.,* 281 Or 411, 418-21, 574 P2d 1122 (1978) (Lent, J. specially concurring); *Hardwick v. Dravo Equipment Company,* 279 Or 619, 632, 569 P2d 588 (1977) (Lent, J. specially concurring); *Medak v. Hekimian,* 241 Or 38, 46, 404 P2d 203 (1965); *Addington v. Texas,* 441 US 418, 424-25, 99 S Ct 1804, 60 LEd 2d 323 (1979). *But see* McCauliff, *Burdens of Proof: Degrees of Belief, Quanta of Evidence, or Constitutional Guarantees,* 35 Vand L Rev 1293, 1324-1333 (1982) (survey of probabilities judges associate with measures of proof); Underwood, *The Thumb on the Scales of Justice: Burdens of Persuasion in Criminal Cases,* 86 Yale LJ 1299, 1309-11 (1977) (empirical evidence that jury instructions on the measure of proof can affect the outcome).

As *Transamerica* points out, that case presented Oregon appellate courts a first opportunity to address the question of the application of the burden of proof in common law fraud to the statute at issue here. The Court of Appeals compared the elements of the statutory and common law actions in an attempt to glean the intended measure of proof under the statute. It relied on *Willis v. Horticultural Fire Relief,* 69 Or 293, 137 P 761 (1914) and *Henricksen v. Home Ins. Co.,* 237 Or 539, 392 P2d 324 (1964) to conclude that not all the elements coincided: "the proscribed misrepresentations must be made knowingly and wilfully, but the showing necessary to defeat coverage does not include other elements of common law fraud such as intent to defraud or mislead, reliance or actual injury." 55 Or App at 35. Nonetheless, the Court of Appeals rejected plaintiff's claim that an action under ORS 743.612 is as dissimilar from common law fraud as an action under the Unlawful Trade Practices Act (UTPA), ORS 646.605 *et seq.,* which we specifically held to require only proof by the preponderance in *State ex rel Redden v. Discount Fabrics,* 289 Or 375, 615 P2d 1034 (1980). It distinguished *Discount Fabrics* because in the UTPA the definition of "wilful" includes negligent conduct, a standard implicating the preponderance burden of proof. "Conversely, coverage cannot be avoided under ORS 743.612 unless it is established that the insured's misrepresentation or false swearing was knowing and wilful." (Footnote omitted.) 55 Or App at 37. The Court of Appeals appeared to reason that because both the statutory and the common law actions require that an insured's falsity be knowing and wilful, the legislature, "by enacting a statute which attaches consequences only to conduct which the courts have made subject to the clear and convincing evidence standard of proof," 55 Or App at 40, intended to incorporate the higher standard into the statutory cause of action. On this point we disagree with the Court of Appeals. Any divergence in the statute from the elements required at common law weakens the conclusion that the legislature intended to transport the higher standard of proof into the insurance fraud statute. In addition, we reject the element-matching approach as the sole method to discern legislative intent.

■    In *State ex rel Redden v. Discount Fabrics, supra,* at 383, we declined to assume that the legislature intended to

codify the common law rule requiring clear and convincing evidence in a statutory action akin to fraud. Neither do we make such an assumption under the instant statute. Where a statute creates a civil cause of action and is silent as to the degree of proof required, the civil preponderance standard will normally apply.

There are occasions where a statutory cause of action, although characterized as civil, requires proof by the higher clear and convincing standard. The test for determining the measure of proof has little to do with a similarity of elements between common law and statutory actions; it is, rather, a consequence of the statute which sets the measure of proof according to whether the case is "civil" or "criminal." ORS 10.095 requires the court "on all proper occasions" to instruct the jury "[t]hat in civil cases * * * the finding shall be according to the preponderance of evidence" while "in criminal cases guilt shall be established beyond reasonable doubt." ORS 10.095(5),(6). The "proper occasion" for interpolating an intermediate measure of proof is in cases that are between "civil" and "criminal" and where what is to be established is akin to "guilt."

We used this test to decide in *Discount Fabrics, supra* at 386-87, that the severe fine for unlawful trade practices was not a criminal penalty, and hence required neither proof beyond a reasonable doubt nor clear and convincing proof. *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 110, 570 P2d 52 (1977) identifies several of the characteristics that make a sanction criminal — secondary sanctions, relation to other criminal offenses, legislative intent to stigmatize and punish, criminal law enforcement procedures, and criminal punishment of repeated conduct — and in *Discount Fabrics* we held that the fine for unlawful trade practices lacked most of these characteristics. With the same analysis we reached a different result in *Thornton v. Johnson,* 253 Or 342, 347-48, 453 P2d 178, 454 P2d 647 (1969), we held that the Corrupt Practices Act is a penal statute because it deprives an electoral victor of office and disenfranchises the voters, and a violation thereof may become the subject of a criminal prosecution. We therefore held that a violation must be shown by clear and convincing evidence, a result now codified at ORS 260.532(4). *See also In re Lathen,* 294 Or 157, 159, 654 P2d 1110 (1982) (lawyer discipline requires clear and convincing evidence).

This same principle permeates a line of United States Supreme Court decisions holding that clear and convincing evidence is required in various quasi-criminal proceedings.[6] The Supreme Court of the United States recently summarized the principle of its decisions:

> "This Court has mandated an intermediate standard of proof — 'clear and convincing evidence' — when the individual interests at stake in a state proceeding are both 'particularly important' and 'more substantial than mere loss of money.' * * * the Court has deemed this level of certainty necessary to preserve fundamental fairness in a variety of government-initiated proceedings that threaten the individual involved with 'a significant deprivation of liberty' or 'stigma.' " *Santosky v. Kramer,* 455 US 745, 756, 102 S Ct 1388, 71 L Ed 2d 599 (1982), quoting *Addington v. Texas,* 441 US 418, 424-26, 99 S Ct 1804, 60 L Ed 2d 323 (1979).

We applied a similar consideration in *Fahrenwald v. Hemphill, supra,* where we said that a reason for requiring clear and convincing proof of fraud is that "[t]he stigma of fraud is not lightly laid upon a defendant." 239 Or at 426. This was, however, little more than a maxim, and more analysis is required to establish whether the statutory action for insurance fraud and false swearing alleged at bar is quasi-criminal or threatens the individual involved with "a significant deprivation of liberty or stigma."

---

[6] *See, Santosky v. Kramer,* 455 US 745, 102 S Ct 1388, 71 LEd 2d 599 (1982) (parental termination); *Addington v. Texas, supra* (civil commitment); *Rosenbloom v. Metromedia,* 403 US 29, 52, 91 S Ct 1811, 29 LEd 2d 296 (1971) (plurality) (libel action against media defendant for newscast on event of public concern); *Woodby v. Immigration Service,* 385 US 276, 285, 87 S Ct 483, 487, 17 LEd 2d 362 (1966) (deportation); *Chaunt v. United States,* 364 US 350, 353, 81 S Ct 147, 5 LEd 2d 120 (1960) (denaturalization); *Nishikawa v. Dulles,* 356 US 129, 78 S Ct 612, 2 LEd 2d 659 (1958) (expatriation) (legislatively overruled by 75 Stat 656, 8 USC § 1481 (c)); *Schneiderman v. United States,* 320 US 118, 125, 159, 63 S Ct 1333, 87 LEd 1796 (1943) (denaturalization).

In cases of securities fraud, the court has held that proof could be established by a preponderance of the evidence, because it was a civil and not a criminal case. *Herman & MacLean v. Huddleston,* 459 US 375, 103 S Ct 683, 74 LEd 2d 548, 559 n. 27 (1983); *Steadman v. S.E.C.,* 450 US 91, 101 S Ct 999, 67 LEd 2d 69 (1981); *S.E.C. v. Joiner Leasing Corp.,* 320 US 344, 355, 64 S Ct 120, 88 LEd 88 (1943). *See also Vance v. Terrazas,* 444 US 252, 264-67, 100 S Ct 540, 62 LEd 2d 461 (1980) (clear and convincing evidence not constitutionally required in expatriation proceedings, which "are civil in nature and do not threaten a loss of liberty.") "[T]he Court has never required the 'beyond a reasonable doubt' standard to be applied in a civil case." *California ex rel. Cooper v. Mitchell Brothers,* 454 US 90, 93, 102 S Ct 172, 70 LEd 2d 262 (1981).

Here the consequence of fraud or false swearing is solely the forfeiture of a contractual benefit. While the enactment of ORS 743.612 evinces a general public policy to discourage insurance fraud, the public has no interest in the resolution of this dispute between private parties. The fraud, if any, is on the insurer, a private party, not on the court or the public. The stakes are solely financial and aim at compensation rather than punishment. While the loss of anticipated insurance benefits may be a severe blow, it is no more severe than the consequences attaching to many disputes in tort or contract. For these reasons, insurance fraud or false swearing is a purely civil dispute. Accordingly, the jury was properly instructed that the measure of proof in this case was by a preponderance of the evidence. A new trial should not have been granted.

Reversed and remanded.