# BERNARD,
*Respondent,*

*v.*

# VATHEUER,
*Appellant.*

(A8310-06396; CA A36722)

728 P2d 916

Mildred J. Carmack, Portland, argued the cause for appellant. With her on the briefs were Paul R. Bocci and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Michael S. Sommers, Portland, argued the cause for respondent. With him on the brief were Frank E. Day and Burt & Day, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals a judgment for plaintiff on a jury verdict in his action for breach of an oral joint venture agreement. Defendant's principal assignment of error is that the court denied his motion for a directed verdict. We affirm.

Defendant's primary argument is that plaintiff's evidence of a joint venture agreement was inadequate as a matter of law, because it was not "clear and convincing."[1] Defendant relies on *Nicholes v. Hunt,* 273 Or 255, 541 P2d 820 (1975), and *Harestad v. Weitzel,* 272 Or 199, 536 P2d 522 (1975). Plaintiff responds that he must prove his case only by a preponderance of the evidence.

The evidence was that in December, 1976, plaintiff, a real estate salesman, and defendant, the head of a civil engineering firm, discussed a joint venture to prepare the Bany Ridge property for development as a subdivision. Plaintiff testified that they reached an agreement. He was to find a buyer for the property, and defendant was to do the engineering work. The profits would be divided equally. Defendant testified that he and plaintiff had only general discussions about "doing something with the property" and sharing its profits but that they did not reach an agreement.

In December, 1976, plaintiff executed an agreement to purchase the Bany Ridge property from its owners and gave them two $5,000 promissory notes as earnest money. Defendant did engineering and other work necessary to obtain rezoning and subdivision approval. By August, 1977, the subdivision plat was almost ready for filing, but plaintiff had not found a purchaser. In that month, plaintiff sought an extension of the time from the owners to close the purchase. Plaintiff also negotiated with Campbell, a prospective buyer, whom defendant had introduced to plaintiff some time in August. Plaintiff testified that Campbell requested that he release his earnest money rights so that Campbell could deal directly with the owners. Campbell denied making that request. The evidence was conflicting whether plaintiff and the owners reached an extension agreement. There is evidence that the owner's attorney wrote to plaintiff on August 29 and

---

[1] Defendant does not assert that the evidence was insufficient to go to the jury if plaintiff had only to prove his case by a preponderance of the evidence.

informed him that he had forfeited his earnest money. Nevertheless, on September 2, plaintiff released all rights in the property, and the owners cancelled the promissory notes and earnest money agreement. Plaintiff testified that, when he made the release, he had an understanding with defendant and Campbell that he would still receive his percentage of profits on the project but that "the agreement was to go between [Campbell] and [defendant]."

On September 1, 1977, Campbell and defendant executed a written agreement that provided that Campbell would pay a finder's fee to defendant for locating the Bany Ridge property. Campbell eventually purchased and resold the property, and defendant received $79,306 pursuant to his agreement with Campbell.

■ The cases that defendant relies on do not establish that proof of the existence of an oral partnership or joint venture agreement must be by clear and convincing evidence. In *Nicholes v. Hunt, supra,* there was no dispute about the existence of the partnership, but the parties disagreed on its duration. The plaintiff admitted that the parties had not agreed on a fixed term, but argued that one should be implied. The court stated that the general rule is "that a partnership is one at will in the absence of an agreement to the contrary" and refused to imply a fixed term:

> "Before the court is justified in implying a fixed term to an oral partnership agreement, there must be sufficient evidence to justify such a finding. * * *
>
> "Plaintiff has the burden of proving the partnership agreement and that the oral partnership was for a fixed term by clear and convincing evidence. *Burke Mchy. Co. v. Copenhagen, supra* at 319; *Harestad v. Weitzel, supra;* 2 Rowley on Partnership 457, § 51.10 (2d ed 1960)." 273 Or at 262. (Citation omitted.)

The court appears to be saying that clear and convincing evidence is required to imply a specific duration to a partnership agreement where the parties have not agreed on that point. It did not hold that clear and convincing evidence is necessary to prove the existence of a partnership.

In *Harestad v. Weitzel, supra,* an action for an accounting, the partners did not dispute the partnership's existence, but disagreed as to whether an apartment project

that one of the partners purchased and financed with his own funds was within the scope of partnership business. The court found that the purpose stated in the written partnership agreement was sufficiently broad to encompass the project. Nonetheless, the court stated, in *dictum:*

> "And even if such a result is not clear from those terms of that written agreement, we believe that the same result must follow from the conduct of the partners and their course of dealing, as evidenced both by the testimony of the partners and others and by the numerous documents, as previously described.
>
> "We recognize that much of the testimony is conflicting. We also recognize that such a case must be proved by 'clear and satisfactory evidence,' as contended by defendant and that in such an appeal in equity we have the duty to 'consider and weigh all facts in the case and to arrive at our own independent conclusion as to wherein lies the truth.' *Meads v. Stott,* 193 Or 509, 541, 238 P2d 256, 239 P2d 594 (1952), cited by defendant." 272 Or at 206.

The court's reference to "such a case" appears to mean a case in which a provision as to the scope of a partnership agreement is implied from the conduct and course of dealing of the partners.

In neither of the cases on which defendant relies did the court hold that clear and convincing evidence is necessary to prove the existence of an oral partnership or joint venture agreement. Moreover, in *Mutual of Enumclaw Ins. v. McBride,* 295 Or 398, 407, 667 P2d 494 (1983), the Supreme Court has cast doubt on the continued validity of a clear and convincing standard in "purely civil dispute[s]." The court held that the measure of proof of fraud or false swearing in an action to void a fire insurance policy (under ORS 743.612) is by a preponderance of the evidence. 295 Or at 407. The court noted that the origin of the clear and convincing standard in common law fraud cases was a *dictum* in a civil assault and battery case, *Cook v. Michael,* 214 Or 513, 330 P2d 1026 (1958), and that "skepticism [was] often voiced regarding * * * an intermediate standard of proof," but it declined to "reevaluate whether a higher level of proof should be required to prove common law fraud." 295 Or at 402, 403. The court also noted that the traditional justification for a higher standard of proof in fraud cases, "that '[t]he stigma of fraud is not lightly laid upon a defendant,'" 295 Or at 406 (quoting *Fahrenwald v. Hemphill,*

239 Or 421, 426, 398 P2d 174 (1965)), was inapplicable in the case before it:

> "Here the consequence of fraud or false swearing is solely the forfeiture of a contractual benefit. While the enactment of ORS 743.612 evinces a general public policy to discourage insurance fraud, the public has no interest in the resolution of this dispute between private parties. The fraud, if any, is on the insurer, a private party, not on the court or the public. The stakes are solely financial and aim at compensation rather than punishment. While the loss of anticipated insurance benefits may be a severe blow, it is no more severe than the consequences attaching to many disputes in tort or contract. For these reasons, insurance fraud or false swearing is a purely civil dispute. Accordingly, the jury was properly instructed that the measure of proof in this case was by a preponderance of the evidence." 295 Or at 407.

Defendant presents no reason why proof of the joint venture agreement should be subject to any higher standard than proof of any other contract in a civil dispute. We hold that proof by a preponderance of the evidence is sufficient.

Defendant's second assignment is that the court erred in refusing to instruct the jury that plaintiff had the burden to prove an oral joint venture agreement by clear and convincing evidence. In the light of the preceeding discussion, the assignment fails.

Defendant also argues that the court erred when it denied his motion for a directed verdict because, even if the standard of proof is a preponderance of the evidence, the evidence is insufficient to prove that the joint venture made any profit. He asserts that the evidence shows that Campbell purchased from the sellers directly and that the joint venture did not make a profit when defendant received a finder's fee under his agreement with Campbell. We review the evidence in the light most favorable to plaintiff and cannot set aside the verdict unless there is no evidence to support it. *Brown v. J. C. Penney Co.*, 297 Or 695, 705, 668 P2d 811 (1984). The jury found by special verdict that the joint venture made a profit. There was evidence to support that finding.[2] Although plaintiff testified that he and defendant originally intended to

---

[2] Defendant does not argue that the jury's special verdict was improper on any basis other than insufficiency of the evidence.

derive profit from purchasing the property and reselling it, the jury could find from his testimony concerning release of rights under the earnest money agreement that the finder's fee was the profit of the joint venture.

Affirmed.[3]

---

[3] Relying on *Kabil Developments Corp. v. Mignot*, 279 Or 151, 566 P2d 505 (1977), defendant also assigns as error that the court sustained plaintiff's objection to a question that defendant's counsel asked defendant on cross-examination. The question, which was not answered, was:

"Mr. Vatheuer, did you and Mr. Bernard in relation to Bany Ridge ever reach a sufficiently definite agreement that you were bound by it in your mind?"

*Kabil* does not make the court's ruling erroneous, or, assuming that the answer was apparent from the context of the question, as defendant asserts, require the court to admit the answer.