## BERNARD,
*Respondent on review,*

*v.*

## VATHEUER,
*Petitioner on review.*

(CC A8310-06396; CA A36722; SC S33547)

737 P2d 128

Mildred J. Carmack, Portland, argued the cause for petitioner on review. With her on the petition were Paul R. Bocci and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Michael S. Sommers, of Day & Gregores, P.C., Portland, argued the cause for respondent on review.

JONES, J.

## JONES, J.

Plaintiff, Norman Bernard, a real estate salesman, sought damages for breach of an oral joint venture agreement between himself and defendant, Hans Vatheuer. Defendant moved for a directed verdict, alleging that plaintiff had failed to establish the joint venture agreement by "clear and convincing evidence." Plaintiff responded that he must prove his case only by a preponderance of the evidence. The trial court denied defendant's motion for a directed verdict and instructed the jury that:

> "A party has the burden of proving by a preponderance of the evidence any claim made in that party's pleadings and not admitted by the opposing party.

> "A preponderance of the evidence means a greater weight of evidence. It is such evidence that when weighed with that opposed to it has more convincing force and is more probably true and accurate."

Defendant excepted to these instructions. The jury returned a verdict for plaintiff. Defendant appealed, and the Court of Appeals affirmed the trial court, concluding that there was no reason why proof of the joint venture agreement should be subject to any higher standard of proof than any other contract in a civil dispute, and that proof by a preponderance of the evidence was sufficient. *Bernard v. Vatheuer,* 82 Or App 524, 728 P2d 916 (1986). We allowed review to decide whether the burden of persuasion in a civil action to prove an oral joint venture agreement is by "clear and convincing evidence" or by a "preponderance of the evidence." We hold that the proponent must establish the oral joint venture agreement by a preponderance of the evidence. We affirm the decision of the Court of Appeals.

We take the following summary of facts from the Court of Appeals opinion.

> "The evidence was that in December, 1976, plaintiff, a real estate salesman, and defendant, the head of a civil engineering firm, discussed a joint venture to prepare the Bany Ridge property for development as a subdivision. Plaintiff testified that they reached an agreement. He was to find a buyer for the property, and defendant was to do the engineering work. The profits would be divided equally. Defendant testified that he

and plaintiff had only general discussions about 'doing something with the property' and sharing its profits but that they did not reach an agreement.

"In December, 1976, plaintiff executed an agreement to purchase the Bany Ridge property from its owners and gave them two $5,000 promissory notes as earnest money. Defendant did engineering and other work necessary to obtain rezoning and subdivision approval. By August, 1977, the subdivision plat was almost ready for filing, but plaintiff had not found a purchaser. In that month, plaintiff sought an extension of time from the owners to close the purchase. Plaintiff also negotiated with Campbell, a prospective buyer, whom defendant had introduced to plaintiff some time in August. Plaintiff testified that Campbell requested that he release his earnest money rights so that Campbell could deal directly with the owners. Campbell denied making that request. The evidence was conflicting whether plaintiff and the owners reached an extension agreement. There is evidence that the owner's attorney wrote to plaintiff on August 29 and informed him that he had forfeited his earnest money. Nevertheless, on September 2, plaintiff released all rights in the property, and the owners cancelled the promissory notes and earnest money agreement. Plaintiff testified that, when he made the release, he had an understanding with defendant and Campbell that he would still receive his percentage of profits on the project but that 'the agreement was to go between [Campbell] and [defendant].'

"On September 1, 1977, Campbell and defendant executed a written agreement that provided that Campbell would pay a finder's fee to defendant for locating the Bany Ridge property. Campbell eventually purchased and resold the property, and defendant received $79,306 pursuant to his agreement with Campbell." 82 Or App at 526-27.

The Court of Appeals relied on this court's opinion in *Mutual of Enumclaw v. McBride,* 295 Or 398, 667 P2d 494 (1983), in reaching its decision to require plaintiff in this case to prove an oral partnership or joint venture agreement by a preponderance of the evidence instead of by clear and convincing evidence. In *Mutual of Enumclaw,* this court, construing a statute, held that statutory insurance fraud for false swearing can be established by a preponderance of the evidence. The court distinguished cases involving common law deceit, in which the clear and convincing evidence standard had been required, and also distinguished various statutory

proceedings which were essentially penal rather than civil. The court concluded:

> "Here the consequence of fraud or false swearing is solely the forfeiture of a contractual benefit. * * * The stakes are solely financial and aim at compensation rather than punishment. While the loss of anticipated insurance benefits may be a severe blow, it is no more severe than the consequences attaching to many disputes in tort or contract. For those reasons, insurance fraud or false swearing is a purely civil dispute. * * *" 295 Or at 407.

In *Willbanks v. Goodwin,* 300 Or 181, 709 P2d 213 (1985), a case involving a disputed contract to make mutual reciprocal wills, this court affirmed the requirement that such a contract to make wills be proved by clear and convincing evidence. *Willbanks* was decided while this case was pending in the Court of Appeals. In *Willbanks,* this court applied the clear and convincing evidence standard in a civil action because disputes about contracts to make wills typically take place a long time after the alleged formation of the contract and after the death of the promisor. 300 Or at 188. Such cases, therefore, frequently involve difficulties of proof and the opportunity for fraud or after-the-fact rationalization by a surviving party. *Id.*

In another decision today, we hold that common law deceit claims implicate a party with the stigma of deceit and require the clear and convincing standard. *Riley Hill General Contractor v. Tandy Corp.,* 303 Or 390, 737 P2d 595 (1987). This court has also held that proof of conduct creating a constructive trust, which affects property rights, must be by clear and convincing evidence even when deceit is not involved. *Pantano v. Obbiso,* 283 Or 83, 87, 580 P2d 1026 (1978); *Albino v. Albino,* 279 Or 537, 550, 568 P2d 1344 (1977). Similarly, at least where the parties are in a confidential relationship, a claim of gift must be established by clear and convincing evidence, *Unterkircher v. Unterkircher,* 183 Or 583, 590, 195 P2d 178 (1948); so, also, must a right to reformation of a written instrument, *Ray v. Ricketts,* 235 Or 243, 250, 383 P2d 52 (1963).

But this is not a case in which the stigma of deceit or any wrongdoing akin to guilt will attach to a losing defendant, nor is it a claim against a deceased or otherwise incapacitated

defendant. This defendant is available to testify and have the fact-finder assess his credibility.

Defendant argues that a finding of a partnership or joint venture relationship can have consequences at least as significant as the creation of constructive trust, a finding that a gift has been made or reformation of a written instrument. It can result in an obligation to share in the losses as well as the profits of an enterprise or transaction. ORS 68.310(1); *Montgomery v. Wadsworth Plumbing,* 278 Or 455, 460, 564 P2d 703 (1977). It can create fiduciary duties and responsibilities. *See, e.g., Wright v. Ogle,* 283 Or 505, 510, 584 P2d 737 (1987); *Starr v. International Realty Limited,* 271 Or 396, 403, 533 P2d 165 (1975). It can affect the right to control or manage an enterprise. ORS 68.301(5); *Platt v. Henderson,* 227 Or 212, 237, 361 P2d 73 (1961). It can make one party the agent of another. ORS 68.210; *Stone-Fox, Inc. v. Vandehey Development Co.,* 290 Or 779, 785-86, 626 P2d 1365 (1981). It can create the basis for vicarious tort liability. ORS 68.250; *Roach v. Mead,* 301 Or 383, 388, 722 P2d 1229 (1986).

But the serious consequences of a contract, be it oral or written, are not a sound basis for requiring a higher or lower burden of persuasion. We recognize that an oral contract may be easier to create and the terms intentionally manipulated or the exact terms may suffer from faulty memory. But all oral contracts suffer from this disability, and we find no compelling reason to assign a higher burden of persuasion to partnerships or joint ventures than any other oral agreement merely because the financial consequences may be great.

Defendant contends that this court already has decided that plaintiff has the burden of proving a partnership agreement and that the fact of an oral partnership for a fixed term must be established by clear and convincing evidence, citing *Nicholes v. Hunt,* 273 Or 255, 541 P2d 820 (1975), and *Harestad v. Weitzel,* 272 Or 199, 536 P2d 522 (1975).

In *Nicholes,* 273 Or at 262, this court, in stating that "plaintiff has the burden of proving the partnership agreement and that the oral contract was for a fixed term by clear and convincing evidence," cites *Burke Mchy. Co. v. Copenhagen,* 138 Or 314, 319, 6 P2d 886 (1932); *Harestad v. Weitzel, supra;* and 2 Rowley on Partnership 457, § 51.10 (2d ed 1960), as authority for that proposition.

The citation to *Burke Mchy. Co. v. Copenhagen* does not support the proposition. That opinion simply stated that "[a] partnership is never presumed and, therefore, one who alleges such a relationship assumes the burden of proof," and concluded that in the court's review of the record in this action upon an account there was "competent, substantial evidence to support the finding of the circuit court." *Burke Mchy. Co.,* 138 Or at 319, 323.

In *Harestad v. Weitzel,* the court reflected that "[w]e also recognize that such a case [this was a suit for an accounting upon the dissolution of a partnership] must be proved by 'clear and satisfactory evidence,' as contended by defendant," but that opinion provided no citation or reason for such a conclusion. 272 Or at 206.

As to the reference to 2 Rowley on Partnership, the text reads at 455-56, § 51.10:

> "* * * As between the alleged partners themselves, * * * the actual existence of the partnership must be shown by clear proof thereof. Stricter proof is said to be required between members of the same family or husband and wife than between strangers. The existence of a partnership need not however be proven by direct evidence, but may be implied from circumstances. As in other cases, partnership can not be established by the declarations of one of the alleged partners, except as to himself. The courts will not proceed on conjecture, but strict proof will be required as to the existence of the partnership. * * *" (Footnotes omitted.)

But Rowley claims the need for "clear" or "strict" proof for both oral and written partnership agreements. Thus, the authorities cited in *Nicholes v. Hunt* do not support the proposition for a higher level of proof, and we find no reason or rationale to adopt such a position.

This case does not fall into a category of cases "that are between 'civil' and 'criminal' and where what is to be established is akin to guilt." *Mutual of Enumclaw v. McBride, supra,* 295 Or at 405. In this case, there is no allegation of misrepresentation, false swearing or intent to deceive nor any legislative requirement for a "clear and convincing" standard. There is no legislative intent to stigmatize or punish. Further, there is no sanction which otherwise penalizes or disenfranchises a party, and the proceedings do not involve "a

significant deprivation of liberty or stigma." *See id.* at 405-06. Here, the consequence of the oral agreement is solely the attainment or loss of a contractual benefit. The stakes are solely financial and, although the consequence involved $39,653.16 plus interest, the consequence is no greater, in fact far less, than involved in many other oral agreements or civil disputes that are subject to proof by a preponderance of the evidence. The trial court did not err in instructing that the burden of persuasion was by "a preponderance of the evidence."

The Court of Appeals and the trial court are affirmed.