IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

ROBERT J. HECKATHORN )
and TAMMY M. STUCKY, )
                       )
       Plaintiffs, )     TC-MD 160219C
                       )
    v. )
                       )
DEPARTMENT OF REVENUE, )
State of Oregon, )
                       )
       Defendant. )     **FINAL DECISION**[1]

Plaintiffs appealed Defendant's Written Objection Determination, dated February 9, 2016, regarding the 2012 tax year. A trial was held on September 7, 2016, in the courtroom of the Oregon Tax Court. Plaintiff Robert J. Heckathorn (Heckathorn) appeared and testified on behalf of Plaintiffs. Nancy Berwick of Defendant's Audit Unit appeared on behalf of Defendant. No exhibits were received into evidence; the court sustained Defendant's objection to Plaintiffs' exhibits as untimely exchanged, and Defendant did not offer its exhibits.

## I.  STATEMENT OF FACTS

The following facts appear from Heckathorn's testimony, which was the only evidence received in this case.

Heckathorn had a cabinetmaking business, organized as an S corporation, which ceased operations during the tax year at issue. The business lost many of its records when it was locked out of its headquarters by the landlord.

/ / /

---

[1] This Final Decision incorporates without change the court's Decision, entered January 20, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

Heckathorn claimed several deductions on the S corporation's return that were adjusted by Defendant. Evidence of the exact deductions claimed and adjustments made was not admitted. The adjustments discussed at trial were predominantly related to depreciation of a truck, fuel costs, cellular telephone expenses, and *per diem* payments to employees for travel.

Much of Heckathorn's testimony was offered to support and interpret the documentation that was not received into evidence. He stated that, although the truck was purchased by him and registered to him personally, it was used exclusively for business purposes. It was insured through the company, kept at the shop, and usually driven by employees. He kept two vehicles at home for personal use.

Heckathorn's company did not have a written reimbursement plan. Some employees and contractors would submit receipts for actual expenses and be reimbursed. Others, who were unable to advance their travel costs, would be paid a *per diem* based on the federal *per diem* rate. He testified that he issued 1099 forms to contractors, although two were lacking social security numbers because those contractors did not provide that information.

He stated that his credit card statements would show that over half the fuel was purchased out of town, and that the quantity of fuel exceeded what he could have used personally. He stated that his personal bank account statements would show that he did not benefit from the extra income imputed to him by Defendant's adjustment. He stated that the cellular telephone plan was the business's exclusive telephone.

Plaintiffs request that their 2012 return be accepted as filed. Defendant requests that its adjustments be upheld.

/ / /

/ / /

## II. ANALYSIS

The issue in this case is whether Plaintiffs were entitled to the benefit of various business expense deductions claimed on their S corporation's return.

Taxpayers are generally allowed to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]" IRC § 162(a). Where taxpayers prove that they incurred deductible expenses, but not the amounts of those expenses, the court generally may estimate the allowable amount. *Cohan v. Comm'r*, 39 F2d 540, 543–44 (1930). However, there must be some basis in the record on which an estimate may be made. *Vanicek v. Comm'r*, 85 TC 731, 742–43 (1985). And in the case of travel expenses and expenses involving "listed property"—including trucks under 6,000 pounds gross vehicle weight—no deduction is allowed "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement" the amount of the expense, its time and place, its business purpose, and the taxpayer's business relationship with any beneficiaries of the expense. IRC §§ 274(d); 280F(d)(4), (5). The amount of a travel expense is deemed substantiated if an employer pays a *per diem* allowance that is no more than the federal *per diem* rate and is "reasonably calculated not to exceed" the amount of ordinary and necessary business expenses. *See* Rev Proc 2011–47 §§ 3.01, 4.01; Treas Reg § 1.274–5(g).

As the parties seeking affirmative relief from the court, it is incumbent on Plaintiffs to bear the burden of proof. *See* ORS 305.427. That burden is sustained by a "preponderance of the evidence"; that is, by a showing that "the facts asserted are more probably true than false." *Id.*; *Cook v. Michael*, 214 Or 513, 527, 330 P2d 1026 (1958).

In the present case, the deductions Plaintiffs claimed for truck depreciation and travel—including expenses for fuel and lodging—fall under the substantiation requirements of

IRC section 274(d). Heckathorn's records were not admitted into evidence and the court cannot consider them. Even if the court were to accept that Plaintiffs complied with the *per diem* requirements and thereby substantiated the amounts of their travel expenditures, no evidence was presented to substantiate the times, places, or business purposes of those expenditures. Plaintiffs have not met their burden of showing they are entitled to deductions for truck depreciation and travel expenses.

With respect to cellular telephone expenses, Plaintiffs did not introduce any evidence on which the court could base an estimate of the amount of the deduction. *See Vanicek*, 85 TC at 742–43. The court cannot grant relief under those circumstances.

### III. CONCLUSION

After carefully considering the evidence presented, the court finds that Plaintiffs have not borne their burden of proof. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this ___ day of February, 2017.

POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on February 7, 2017.*